# GENERAL DURABLE POWER OF ATTORNEY

I, **Christian Joseph Soares**, the Principal, of 214 West Elm Street, Brockton, MA 02301, hereby constitute and appoint **Michelle Torrey** of 214 West Elm Street, Brockton, MA 02301 to be my true and lawful attorney-in-fact, acting in my name and for my benefit.

1. **GENERAL GRANT OF POWER.** To exercise or perform any act, power, duty, right or obligation whatsoever that I now have or may hereinafter acquire in connection with, arising from, or, relating to any person, matter, item, transaction, business or property, real or personal, tangible or intangible, now owned or hereafter acquired by me, including, without limitation, the following specifically enumerated powers. I grant to my attorney-in-fact full power and authority to do everything necessary in exercising any of the powers herein granted as fully as I might or could do if personally present, with full power of substitution or revocation, hereby ratifying and confirming all that my attorney-in-fact shall lawfully do or cause to be done by virtue of this Power of Attorney and the powers herein granted. I shall specify certain acts, which my attorney-in-fact is authorized to do on my behalf, but this is not intended to limit the generality of this power.

   A) **Powers of Collection and Payment.** To forgive, request, demand, sure for, recover, collect, receive, negotiate, or hold all such sums of money, debts, dues, commercial paper, checks, drafts, accounts, deposits, legacies, bequests, devises, notes, interests, stock certificates, bonds, dividends, certificates of deposits, annuities, pension, profit sharing, retirement, social security, insurance and other contractual benefits and proceeds, any and all documents of title, claims, all property, real or personal, tangible or intangible property or property rights and demands whatsoever, liquidated or unliquidated, now or hereafter owned by, or due, owing, payable or belonging to me, or in which I have or may hereafter acquire an interest; to have, use, and take all lawful means and equitable and legal remedies and proceedings in my name for the collection and recovery thereof, and to adjust, sell, compromise, and agree for the same, and to execute and deliver for me, on my behalf, and in my name, all endorsements, releases, receipts, or other sufficient discharges for the same;

   B) **Power to Acquire and Sell.** To acquire, purchase, exchange, grant options to sell, and sell and convey real or personal property, tangible or intangible, or interests therein, on such terms and conditions as my attorney-in-fact shall deem proper, including without limitation, signing leases, broker's agreements, Offers to Purchase, Purchase and Sale Agreements, closing papers, warranties and deeds;

   C) **Management Powers.** To maintain, repair, improve, invest, manage, insure, rent, lease, encumber, and in any manner deal with any real or personal property, tangible or intangible, or any interests therein, that I now own or may hereinafter acquire, in my name and for my benefit, upon such terms and conditions as my attorney-in-fact shall deem proper;

   D) **Banking Powers.** To make, receive and endorse checks and drafts, deposit and withdraw funds, acquire and redeem certificates of deposit, in banks, savings and loan associates and other institutions, whether Federally or State chartered, execute or release such

deeds of trust or other security agreements as may be necessary or proper in the exercise of the rights and powers herein granted and generally to exercise control over such accounts, and to establish new accounts;

E) <u>Stock and Bond Powers</u>. To purchase, sell and transfer stocks and bonds upon such terms and conditions as my said attorney-in-fact deems advisable, to receive and negotiate dividends and other payments, to execute or endorse any certificates of title, assignments, powers, or other documents as may be necessary or proper in the exercise of the rights and powers herein granted; to retain, invest, reinvest, purchase, sell and transfer any mutual funds, securities, derivative instruments, including, but not limited to, OTC options and equity swaps or properties, or real estate mortgages, or to lend, pledge, or otherwise encumber the same on reasonable security as my attorney-in-fact may see fit;

F) <u>Motor Vehicles</u>. To apply for a Certificate of Title upon, and endorse and transfer title thereto, for any boat, automobile, truck, pickup, van, motorcycle, trailer, or other motor vehicle, and to represent in such transfer assignment that the title to said motor vehicle is free and clear of all liens and encumbrances except those specifically set forth in such transfer assignment;

G) <u>Business Interests</u>. To conduct or participate in any lawful business of whatever nature for me and in my name; execute partnership agreements and amendments thereto; incorporate, reorganize, merge, consolidate, recapitalize, sell, liquidate, or dissolve any business; elect or employ officers, directors and agents; carry out the provisions of any agreement for the sale of any business interest or the stock therein; and exercise voting rights with respect to stock, either in person or by proxy, and exercise stock options; To act on my behalf in any judicial or quasi-judicial proceeding and to prosecute and/or defend any action as fully and with like effect as I could act if personally present.

H) <u>Tax Powers</u>. To prepare, execute and file all income tax, gift tax, social security or unemployment insurance and information returns required by the laws of the United States, or of any state or subdivision thereof, to confer with revenue agents, to receive confidential information, to exercise any elections I may have under federal, state or local tax law, pay taxes due, to prepare, execute and file refund claims, to receive and negotiate any tax refunds from the United States or any state or subdivision, to execute agreements extending the statute of limitations, to represent me or obtain representation for me in any examination, audit, hearing, conference or litigation before the Tax Court of the United States or any other court in connection with any of said tax matters; to engage, compensate and discharge attorneys, accountants and other tax and financial advisors and consultants to represent and/or assist me in connection with any and all tax matters involving or in any way related to me or any property in which I have or may have any interest or responsibility, and to do anything whatsoever requisite or necessary in connection with all income tax, gift tax, social security or unemployment insurance taxes required by the laws of the United States or any state or subdivision that I could do in my own person;

I) <u>Institutional Care</u>. To authorize my admission to a hospital, medical, nursing, mental health, residential or similar institutional facility, and to enter into agreements for my care;

J) <u>Public Assistance</u>. To apply for the receipt or continuation of any public assistance benefits to which I am now or may hereafter become eligible, including without limitation, Medicare, Medicaid, SSI, SSDI, unemployment workers compensation, and Social Security; to obtain any and all verifications required in order to apply for said public benefits, including without limitation, bank records, investment fun records, stock and mutual fund transactions, life insurance information, and birth and immigration records; to complete, execute and deliver any forms, documents or applications necessary to effectuate the receipt or continuation of such benefits;

K) <u>Safe Deposit Boxes</u>. To have access at any time or times to any safe deposit box rented by me, wheresoever located, and to remove all or any part of the contents thereof, to add property to the box, and to surrender or relinquish said safe deposit box; and any institution in which any safe deposit box may be located shall not incur any liability to me or my estate as a result of permitting my attorney-in-fact to exercise this power;

L) <u>Powers to Transfer Assets to Inter Vivos Trust</u>. To establish and amend (to the extent permitted by such instruments) any revocable or irrevocable inter vivos trust on my behalf, and to transfer any or all of my tangible or intangible personal property or real property to or from any inter vivos trust now existing or hereafter created in which I am or may become the income beneficiary;

M) <u>Power to Exercise Fiduciary Duties</u>. To execute any documents of amendment, revocation or resignation in any trust declaration in which I may be a Donor, Beneficiary or Trustee, in which I may have any reserved or granted rights, or in any matter in which I may be appointed a fiduciary for another;

N) <u>Power to Make Gifts</u>. To make gifts or present interests from my property to any one or more of my children or grandchildren, or spouses or issue of any of the foregoing, or to any relatives, friends and next-of-kin, or to any trust for the exclusive benefit of any one or more of them, and it shall not be necessary that such donees receive equal amounts; to make gifts from my property to one or more charitable organizations, the choice of such organizations and the amount of such gifts to be determined in the sole discretion of my said attorney-in-fact, taking into account the desirability of income-tax deductions for the current year, the desirability of the reduction or elimination of Federal and/or State estate or inheritance taxes on my estate, the desirability of the reduction of exposure of my estate to nursing home expenses, and my prior charitable-giving practices; to give any item or items of my tangible personal property to the person named as the recipient of such item in any current, valid Will of mine or any existing living trust, and to give to any one or more of the persons named as legatees in my said Will or living trust an amount of money not exceeding the amount of the pecuniary legacy specified in my said Will or living trust for such person, provided that the donee acknowledges in writing that the gift is in satisfaction of any legacy or distributive share to the extent of such gift;

O) <u>Power to Render Services</u>. To render services to me or to any person living with or dependent upon me, for any caregiving and support needs I or they may have, including without limiting the generality of the foregoing, payment for personal care services rendered, services in the cleaning and removal of my personal property in my residence preparatory to any sale thereof, services relative to the providing of room, board, meals, laundry, transportation, assistance with finances, assistance with the following Doctors' orders regarding medications or diet, assistance with any of the activities of daily living, and providing of companionship and overall support; hereby also authorizing the reimbursement for any out-of-pocket expenses, including but not limited to automobile and airfare expenses;

Said services may be rendered by my attorney-in-fact or by anyone authorized by or contracted with my said attorney-in-fact to perform any or all of such services;

P) <u>Mineral Rights and Royalties</u>. To take any actions with regard to any mineral rights and/or royalty rights which I may now have, or acquire in the future, of whatever kind or nature;

Q) <u>Power to Change and Establish Domicile</u>. To maintain, change and/or establish my residency and domicile, including without limitation, the authority to express an intent on my behalf to return to a residence in order to preserve any homestead or principal residence exemptions to which I may be entitled under federal or state law;

R) <u>Power to Make Statutory Elections and Disclaimers</u>. To make on my behalf any and all statutory elections and/or disclaimers available to me at law;

S) <u>Retirement Plan Powers</u>. To deal with all retirement or pension plans of which I am a member as well as individual retirement accounts, including but not limited to rolling over one plan into another plan, receiving payments or making voluntary contributions, selecting payment, and/or investment options, designating beneficiaries and/or changing the existing beneficiaries thereof and removing of all or part of the funds from any of said plans or accounts;

T) <u>Life Insurance Powers</u>. To have full authority to deal with any policies on my life, policies on the life or lives or others, or annuity contracts I may own or in which I may have any interest, including without limitation, any policy with National Service Life Insurance; such authority including, but not limited to, the right to make irrevocable assignments thereof, to sell, surrender, borrow against, or convert any such policies and to change the beneficiaries thereof, or to take any other action with respect to such policies as my said attorney-in-fact shall deem proper and consistent with my intentions or objectives; to receive payments under any disability, income or other contract, to deal in every other respect with such disability, income or other contracts;

U) <u>Power to Borrow Money</u>. To borrow money from lending institutions, private investors, corporations, trusts, or any other source, in such amounts and upon such terms and conditions as my said attorney-in-fact shall deem necessary or advisable, including the power to

pledge any of my property, whether real or personal, as security therefore, to execute, acknowledge and deliver any and all documents necessary or incidental thereto;

V) <u>Power to Provide for My Dependents</u>. To make sure such use of my personal and real property as is necessary to maintain the customary standard of living of my minor children, and any other person or persons, who, although not legally entitled, have been accustomed to receiving assistance from me;

W) <u>Medical Records</u>. To access all information regarding my condition while under medical observation or treatment, including the history obtained, x-ray and physical findings, diagnosis, prognosis and billing records. I hereby certify, direct and authorize the release of any and all information to my agent that may otherwise be considered privileged pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA) 42 USC 1320d and 45 CFR 160-164, and waive any and all matters of privacy thereunder and further authorize:

- Any physician, healthcare professional, dentist, health plan, hospital, clinic, laboratory, pharmacy or other covered health care provider, any insurance company or other health care clearing house that has provided treatment or services to me or that has paid for or is seeking payment from me for such services;

- To give, disclose and release to my attorney-in-fact, without restrictions; and

- All of my individually identifiable health information and medical records regarding any past, present or future medical or mental health condition including all information relating to the diagnosis and/or treatment of any illness or condition.

X) <u>Physician/Patient Waiver</u>. My said attorney-in-fact is hereby specifically authorized to waive my right to have any communications between me and my physician kept in confidence.

Y) <u>Expiration</u>. This Power of Attorney shall not expire or become stale upon the passage of time, but is intended to continue in force until revoked by me in writing.

AA) <u>Appointment of Successor Attorney-in-fact</u>. In the event of the death, declination, resignation or incapacity of any one or more of my attorney-in-fact, any of my named attorney-in-fact shall have the authority to name a successor attorney-in-fact. Such appointment shall be in writing, signed by my said named attorney-in-fact, and shall not require my consent or the consent of any remaining attorney-in-fact.

AB) <u>General, All Inclusive Power</u>. In addition to the foregoing, my attorney-in-fact hereunder may act as my alter ego with respect to any and all possible matters and affairs not otherwise enumerated herein and which I as principal can do through an agent.

2. **INTERPRETATION AND GOVERNING LAW.** This instrument is to be construed and interpreted as a general durable Power of Attorney under the Uniform Durable Power of Attorney Act as constituted under Chapter 201B of the General Laws of the Commonwealth of Massachusetts, or as may be amended from time to time. The enumeration of specific items, acts, rights, or powers herein is not intended to, nor does it, limit or restrict the general powers herein granted to my attorney-in-fact. This instrument is executed and delivered in the Commonwealth of Massachusetts, and the laws of the Commonwealth of Massachusetts shall govern all questions as to the validity of this power and the construction of its provisions.

3. **VALIDITY IN OTHER JURISDICTIONS.** It is my intention that this Power of Attorney be given full faith and credit within any state or local jurisdiction in the United States and in any other country, defects in formalities notwithstanding.

4. **DISABILITY OF PRINCIPAL.** This General Durable Power of Attorney shall not be affected by my subsequent disability or incapacity and shall be binding not only upon me but also upon my heirs, executors and administrators up to the time of the receipt by my said attorney-in-fact of a written revocation signed by me or of reliable intelligence of my death.

5. **REFUSAL TO HONOR POWER.** Should any third part, including any bank, trust company, insurance company, brokerage firm, stock or bond company, or any other third party, refuse to accept the validity of this Power of Attorney, and should I suffer any financial or personal damages as a result of such refusal, then I direct my attorney-in-fact to bring whatever legal action may be appropriate to compensate me or my heirs for the damages suffered due to such refusal.

To induce any third party to act hereunder, I hereby agree that any third party receiving a duly executed copy or facsimile of this Power of Attorney may act hereunder, and that revocation or termination hereof shall be ineffective as to such third party unless and until actual notice or knowledge of such revocation or termination shall have been received by such third party. I, for myself and my heirs, executors, legal representatives and assigns, hereby agree to indemnify and hold harmless any such third party from and against any and all claims that may arise against such third party by reason of such third party having relied upon the provisions of this Power of Attorney.

6. **SIGNATURE OF A SINGLE ATTORNEY-IN-FACT.** Any and all documents may be signed by any one attorney-in-fact duly appointed hereunder, and as such shall be fully binding on me and my estate and shall be conclusive evidence of the authority of the said attorney-in-fact to sign solely on my behalf and on the behalf of my estate.

7. **AUTHORITY TO ENGAGE IN SELF-DEALING.** Any and all of my attorney-in-fact are expressly authorized to engage in self-dealing, without limitation, and nothing contained in this document shall be construed to the contrary. Self-dealing shall include any and all transactions entered into on behalf of the Principal in which the attorney-in-fact may derive a benefit, either directly or indirectly, tangible or intangible.

8. **THIRD PARTY RELIANCE.** To induce any third party to act hereunder, third parties may rely upon the representations of my attorney-in-fact as to all matters pertaining to any power granted to my attorney-in-fact, and no person who may act in reliance upon the representation of my attorney-in-fact or the authority granted to my attorney-in-fact shall incur any liability to me or my estate as a result of permitting my attorney-in-fact to exercise any power. I hereby agree to indemnify and hold harmless any such third party from and against any and all claims that may arise against such third party by reason of such third party having relied on the provisions of this instrument.

9. **RATIFICATION OF TRANSACTIONS.** I hereby ratify all transactions entered into in good faith and with due care by both my attorney-in-fact and any third party even if, without their knowledge, I have died or revoked this Power. I expressly ratify and confirm any gifting undertaken hereunder, whether or not the donees receive equal amounts and whether or not some donees were partially or totally excluded in favor of others. No time limit shall be imposed by any third party for validity of this Power based upon my failure to regularly refresh and ratify this document; an affidavit executed by my attorney-in-fact stating that my attorney-in-fact's power has not been revoked shall be conclusive proof that the Powers contained herein are valid.

10. **ATTORNEY-IN-FACT DISCLOSURE.** Any attorney-in-fact appointed hereunder may request of any other duly appointed attorney-in-fact, information and accountings of his acts or actions as such fiduciary, to be supplied in writing or orally, as the parties may agree.

11. **THIRD PARTY DISCLOSURE.** If anyone I appointed herein requests of any third party, with whom my attorney-in-fact has had contact of any nature, direct or indirect, accountings of the acts and actions of the attorney-in-fact, then the third party with whom my attorney-in-fact has had contact, shall in writing (or orally as they shall agree) furnish such information to the requesting person or people as is reasonable. Any third party releasing information regarding the acts and actions of my attorney-in-fact under this paragraph shall not be liable for the release of said information, confidential or otherwise. The person releasing the information need not advise the attorney-in-fact of the inquiry and the information released.

12. **PROTECTIVE PROCEEDINGS.** If protective proceedings for my person or my estate are hereafter commenced, I hereby nominate, for consideration by the Court, **Michelle Torrey** to serve as the conservator and/or guardian of my estate and serve as the guardian of my person. My conservator/guardian shall have the authority to petition the court for estate planning on my behalf, including the authority to transfer all or part of my estate consistent with my wishes as hereinabove set forth in Paragraph 1, N.

IN WITNESS WHEREOF, I have executed this General Durable Power of Attorney and I hereby direct that photocopies of the power shall have the same force and effect as an original.

Dated: April 15, 2011

_____
Christian Joseph Soares

## WITNESS STATEMENT

On this day of April, 2011 **Christian Joseph Soares**, the Principal, signed the foregoing instrument in the presence of _Adrianna Gerardi_ and _____ declaring it to be his Durable Power of Attorney, as a witness thereof I do now hereby state that she appears to be of sound mind and under no duress, fraud or undue influence. I am not the person appointed as agent by this document. I further declare that I am not related to the principal by blood, marriage, adoption, and, to the best of my knowledge, I am not a creditor of the principal nor entitled to any part of his estate under any Will now existing or by operation of law.

_Adrianna Gerardi_ of _____

_____ of _____

## COMMONWEALTH OF MASSACHUSETTS

Plymouth: ss

April _15_, 2011

On this _15_ day of ~~March~~ APRIL, 2011 before me, the undersigned Notary Public, personally appeared Christian Joseph Soares, proved to me through satisfactory evidence of identification to be the person whose name is signed on the preceding or attached document, and acknowledged to me that she signed it voluntarily for its stated purpose.

_Lucille M. Yussuf_
Notary Public:
My commission expires on: _12/3/2015_

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 19-CR-10296-WGY |
| ) | |
| CHRISTIAN SOARES, ) | |
| a/k/a "Easy," "Eazy," ) | |
| ) | |
| Defendant. ) | |

Certified to be a true and correct copy of the original
Robert M. Farrell, Clerk
U.S. District Court
District of Massachusetts
By: _____
    Deputy Clerk
Date: January 25, 2024

### PRELIMINARY ORDER OF FORFEITURE

**YOUNG, S.D.J.**

WHEREAS, on January 11, 2023, a federal grand jury sitting in the District of Massachusetts returned a six-count Superseding Indictment charging the Defendant with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count One); Possession with Intent to Distribute Cocaine, Fentanyl, and Buprenorphine, in violation of 21 U.S.C. §§ 841(a)(1) (Count Two); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (Count Three); Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count Four); Possession with Intent to Distribute Cocaine, 40 Grams and More of Fentanyl, Methamphetamine, and MDA, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi) (Count Five); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (Count Six).

WHEREAS, the Superseding Indictment also included a forfeiture allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offenses alleged in Counts Two and Five of the Superseding Indictment, of any property constituting, or derived from, any proceeds obtained, directly or

1

indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. Such property specifically included, without limitation, the following assets seized on March 23, 2021:

    (a)    white Apple iPhone;

    (b)    gold Apple iPhone; and

    (c)    $62,820 U.S. currency;

WHEREAS, the Superseding Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. §2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One, Three, Four, and Six of the Superseding Indictment, of any firearm or ammunition involved in or used in any knowing commission of the offenses. Such property specifically included, without limitation:

    a. Smith & Wesson, model SW40VE, .40 caliber pistol with serial number DVZ0901, seized on or about July 17, 2019;
    b. 5 rounds of .40 caliber ammunition with headstamp "ICC 40 S&W", seized on or about July 17, 2019;
    c. 3 rounds of .40 caliber ammunition wit headstamp "R·P 40 S&W", seized on or about July 17, 2019;
    d. 4 rounds of .40 caliber ammunition with headstamp "ηηγ .40 S&W", seized on or about July 17, 2019;
    e. Smith & Wesson, model SW40V, .40 caliber semi-automatic pistol, serial number PAU3136, seized on or about March 23, 2021;
    f. Ruger, model Mini-14, .223 caliber rifle, serial number NRA805562, seized on or about March 23, 2021;
    g. MasterPiece Arms, model MPA Defender, 9mm pistol, serial number FX09078, seized on or about March 23, 2021;
    h. Smith & Wesson, model Safety Hammerless, .38 caliber revolver, serial number 31898, seized on or about March 23, 2021;
    i. 18 rounds of .223 caliber ammunition containing the headstamp "FC 223·REM", seized on or about March 23, 2021;

j. 17 rounds of 9mm ammunition containing the headstamp "⟨?⟩ 9mm Luger", seized on or about March 23, 2021;
k. 6 rounds of 9mm ammunition containing the headstamp "PMC 9MM LUGER", seized on or about March 23, 2021;
l. 4 rounds of 9mm ammunition containing the headstamp "G.F.L. 9mm LUGER", seized on or about March 23, 2021;
m. 1 round of 9mm ammunition containing the headstamp "R-P · 9mm LUGER", seized on or about March 23, 2021;
n. 14 rounds of 9mm ammunition containing the headstamp "PMC 9MM LUGER", seized on or about March 23, 2021;
o. 15 rounds of .38 caliber ammunition containing the headstamp "R-P 38 SPL", seized on or about March 23, 2021;
p. 9 rounds of .40 caliber ammunition containing the headstamp "SIG 40 S&W", seized on or about March 23, 2021;
q. 1 round of .40 caliber ammunition containing the headstamp "BLAZER 40 S&W", seized on or about March 23, 2021; and
r. Ruger, model P95DC, with serial number 313-52881, seized on or about October 17, 2021
s. Rifle, black and beige, with 30 round magazine rifle stock and buffer spring, no serial number, seized on or about October 17, 2021
t. 193 rounds of .22 caliber ammunition, seized on or about October 17, 2021
u. 10 rounds of 9mm ammunition, seized on or about October 17, 2021
v. 39 rounds of .45 caliber ammunition, seized on or about October 17, 2021
w. 81 rounds of 9mm ammunition, seized on or about October 17, 2021
x. 14 rounds of .40 caliber ammunition, seized on or about October 17, 2021
y. 12 rounds of .40 caliber ammunition, seized on or about October 17, 2021
z. 2 rounds of .40 caliber ammunition, seized on or about October 17, 2021
aa. 9 rounds of 9mm ammunition, seized on or about October 17, 2021

WHEREAS, the Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described in Paragraph 2 above, pursuant to 21 U.S.C.

3

§ 853(p) and 3 above, pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c).

WHEREAS, on July 27, 2023, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One, Two, Four, and Five of the Superseding Indictment, pursuant to a written plea agreement that he signed on July 25, 2023. *See* Docket No. 128. In Section 7 of the plea agreement, the Defendant admitted that the following assets are subject to forfeiture:

a. Smith & Wesson, model SW40VE, .40 caliber pistol with serial number DVZ0901, seized on or about July 17, 2019;
b. 5 rounds of .40 caliber ammunition with headstamp "ICC 40 S&W", seized on or about July 17, 2019;
c. 3 rounds of .40 caliber ammunition wit headstamp "R·P 40 S&W", seized on or about July 17, 2019;
d. 4 rounds of .40 caliber ammunition with headstamp "ηηγ .40 S&W", seized on or about July 17, 2019;
e. white Apple iPhone seized on or about March 23, 2021;
f. gold Apple iPhone, model A1660, seized on or about March 23, 2021;
g. Smith & Wesson, model SW40V, .40 caliber semi-automatic pistol, serial number PAU3136, seized on or about March 23, 2021;
h. Ruger, model Mini-14, .223 caliber rifle, serial number NRA805562, seized on or about March 23, 2021;
i. MasterPiece Arms, model MPA Defender, 9mm pistol, serial number FX09078, seized on or about March 23, 2021;
j. Smith & Wesson, model Safety Hammerless, .38 caliber revolver, serial number 31898, seized on or about March 23, 2021;
k. 18 rounds of .223 caliber ammunition containing the headstamp "FC 223·REM", seized on or about March 23, 2021;
l. 17 rounds of 9mm ammunition containing the headstamp "՞ ՞Ͻ 9mm Luger", seized on or about March 23, 2021;
m. 6 rounds of 9mm ammunition containing the headstamp "PMC 9MM LUGER", seized on or about March 23, 2021;
n. 4 rounds of 9mm ammunition containing the headstamp "G.F.L. 9mm LUGER", seized on or about March 23, 2021;
o. 1 round of 9mm ammunition containing the headstamp "R-P · 9mm LUGER", seized on or about March 23, 2021;
p. 14 rounds of 9mm ammunition containing the headstamp "PMC 9MM LUGER", seized on or about March 23, 2021;

4

q. 15 rounds of .38 caliber ammunition containing the headstamp "R-P 38 SPL", seized on or about March 23, 2021;
r. 9 rounds of .40 caliber ammunition containing the headstamp "SIG 40 S&W", seized on or about March 23, 2021;
s. 1 round of .40 caliber ammunition containing the headstamp "BLAZER 40 S&W", seized on or about March 23, 2021;
t. $62,820 U.S. currency, seized on or about March 23, 2021;
u. Ruger, model P95DC, with serial number 313-52881, seized on or about October 17, 2021
v. Rifle, black and beige, with 30 round magazine rifle stock and buffer spring, no serial number, seized on or about October 17, 2021
w. 193 rounds of .22 caliber ammunition, seized on or about October 17, 2021
x. 10 rounds of 9mm ammunition, seized on or about October 17, 2021
y. 39 rounds of .45 caliber ammunition, seized on or about October 17, 2021
z. 81 rounds of 9mm ammunition, seized on or about October 17, 2021
aa. 14 rounds of .40 caliber ammunition, seized on or about October 17, 2021
bb. 12 rounds of .40 caliber ammunition, seized on or about October 17, 2021
cc. 2 rounds of .40 caliber ammunition, seized on or about October 17, 2021
dd. 9 rounds of 9mm ammunition, seized on or about October 17, 2021

(collectively, the "Property").

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Property and the offenses to which the Defendant pled guilty, and accordingly, the Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1) and 28 U.S.C §2461(c);

WHEREAS, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), 28 U.S.C §2461(c) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Property and the offenses to which the Defendant pled guilty.

2. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3. Accordingly, all of Defendant's interests in the Property are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1) and 28 U.S.C §2461(c).

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Property and maintain it in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Property.

6. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Property to be forfeited.

7. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Property, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Property, the time and circumstances of the

petitioner's acquisition of the right, title, or interest in the Property, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Property.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1) and 28 U.S.C §2461(c) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

/s/ William G. Young
**WILLIAM G. YOUNG**
United States Senior District Judge

Dated: 11/16/2023