```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                      )
MICHELLE TORREY and CHRISTIAN         )
SOARES,                               )
          Plaintiffs,                 )
                                      )    Civil Action No.
v.                                    )    24-10864-WGY
                                      )
FBI UNITED STATES OF                  )
AMERICA, et al.,                      )
          Defendants.                 )
_____)
```

MEMORANDUM AND ORDER

YOUNG, D.J.                                                June 17, 2024

For the reasons set forth below, the Court allows Michelle Torrey's motion for leave to proceed in forma pauperis and denies without prejudice the motion for counsel.  If Michelle Torrey wishes to proceed with this action, the Court grants her time to file an amended complaint that sets forth a plausible claim upon which relief may be granted.

I. **Background**

Michelle Torrey ("Torrey") initiated this action by filing a pro se complaint on behalf of herself and her adult son, Christian Soares ("Soares"), seeking the return of certain property that the government has sought to have forfeited as derived from proceeds obtained as a result of criminal activity.  With the complaint, Torrey filed an Application to Proceed in District Court Without Prepaying Fees or Costs and a motion to appoint counsel.

Accompanying the complaint are copies of (1) Soares' General Durable Power of Attorney appointing Torrey as attorney-in fact; and (2) the November 16, 2023 Preliminary Order of Forfeiture from Soares' pending criminal action. The Court may take judicial notice that Soares is a criminal defendant.[1] See United States v. Soares, CR. No. 1:19-cr-10296-WGY-1 (D. Mass.).

The complaint is submitted on the preprinted Pro Se 1 form provided by the Administrative Office of the United States Courts. Doc. No. 1. The case caption identifies the defendant as the United States of America and the body of the complaint identifies the following four defendants: (1) F.B.I. United States of America; (2) A.T.F.; (3) Brockton Police Dept.; and (4) State Police Dept. Id. at 1 (caption), ¶ I (the parties to the complaint). Torrey checked the box indicating "federal question" jurisdiction and lists several laws that are at issue in this case including 18 U.S.C. § 983(c); 19 U.S.C. § 1615; 21 U.S.C. § 881; 21 U.S.C. § 853; 28 U.S.C. §§ 1345, 1355; 28 U.S.C. § 2412; 31 U.S.C. § 5317; 42 U.S.C. § 1983; and the Fourth, Fifth, Sixth and Eighth

---

[1] It is "well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990); see Lydon v. Local 103, Int'l Bhd. of Elec. Workers, 770 F.3d 48, 53 (1st Cir. 2014); see also United States v. Mercado, 412 F.3d 243, 247 (1st Cir. 2005).

Amendments to the United States Constitution. Id. at ¶ II(A) (if the basis for jurisdiction is a federal question). Torrey seeks monetary relief and return of property. Id. at ¶ IV (relief) ("immediate return of monies and items and [$]500,000 damages"). Torrey states that "Law [e]nforcement stole from her home as a probation violation warrant for [her] son turned into complete disregard for rule of law and allowed law enforcement acting outside of their role obtain an illegal search warrant which was than the vehicle for law enforcement to plant evidence and steal from [Torrey] and her family." Id.

In the statement of claim, Torrey alleges that during a search of her home, law enforcement stole several items of jewelry and that she "is owed "$148,820.00 in addition to [$]6,000.00 taken from bedroom and room off bedroom hidden in various locations." Id. at ¶ III (statement of claim). Torrey further states that her real estate license was not renewed "due to unpaid taxes which claimant cannot pay due to Government holding money hostage and not affording claimant with a forfeiture hearing for over 3 years 9 months." Id.

**II.  In Forma Pauperis Motion and Appearances**

The Application to Proceed in District Court Without Prepaying Fees or Costs (also known as a motion for leave to

3

proceed in forma pauperis) is signed by Torrey.  After review, the Court concludes that Torrey is without assets to pay the filing fee and ALLOWS the motion only as to Torrey.

Under federal law, a court may "authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . ." 28 U.S.C. § 1915(a)(1).  Although Soares signed a power of attorney that appoints Torrey as attorney-in-fact, a non-attorney cannot litigate on behalf of another person.  See 28 U.S.C. § 1654; Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982); Local Rule 83.5.3(a).

Because Torrey is not alleged to be an attorney, she cannot represent Soares.  Moreover, Torrey does not have standing to represent Soares in her capacity as his parent because Soares is an adult, and any statutory authority that permits a parent to represent a child does not apply.  See e.g. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 531 (2007) (a parent may litigate in federal court a claim under the Individuals with Disabilities Education Act ("IDEA") because the "IDEA does not differentiate ... between the rights accorded to children and the rights accorded to parents.").  Soares may be a plaintiff if addition of him as a party would be in accordance with the rules on joinder of claims

4

and parties, but even then, he would have to sign the amended complaint and would have to sign all papers submitted under his name.

### III. Standard of Review

Because Torrey is proceeding in forma pauperis, summonses do not issue until the court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss a complaint sua sponte if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'The fundamental purpose'" of this pleading rule "'is to protect a defendant's . . . right to know in advance the nature of the cause of action being asserted against him.'" Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015) (quoting Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008)). The claims must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ.

5

P. 10(b).  The complaint must contain "'enough detail to provide a defendant with fair notice of what the . . . claim is and the grounds upon which it rests.'"  Silverstrand Invs. v. AMAG Pharm., Inc., 707 F.3d 95, 101 (1st Cir. 2013) (quoting Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011)).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "In evaluating whether a complaint states a plausible claim, [the court] 'perform[s] [a] two-step analysis.'"  Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016) (quoting Cardigan Mountain Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015)).  "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'"  Garcia-Catalan v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)).  Second, the court must determine whether the factual

6

allegations present a "'reasonable inference that the defendant is liable for the misconduct alleged.'" Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 663).

In conducting this review, the Court liberally construes the complaint because Torrey is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## IV. Discussion

Torrey's complaint does not meet the standard for a "short and plain statement" of her claim showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2). Here, Torrey complains that during the course of a search of her Brockton home, her property was seized and is now subject to forfeiture to the Government. However, she has not alleged any facts from which the Court may reasonably infer that one or more of the defendant law enforcement agencies violated federal law. In particular, she does not provide the date of the search and does not state what action was taken by each defendant. Torrey has an obligation to set forth factual allegations that would permit a person unfamiliar with legal proceedings surrounding the search to understand what specific acts of alleged misconduct by each defendant gave rise to this action.

As written, the complaint makes no claims that would allow

Torrey to assert a civil rights claim against any of the defendants. To the extent Torrey seeks to assert a claim under 42 U.S.C. § 1983, this federal civil rights statute "furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights." Alfano v. Lynch, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing Kalina v. Fletcher, 522 U.S. 118, 123 (1997)). There is no comparable federal statute applicable to constitutional claims against federal officers.[2]

As to the two federal agencies named as defendants (the F.B.I. and the A.T.F.), these federal agencies have sovereign immunity from suit unless such immunity has been waived. See FDIC v. Meyer, 510 U.S. 471, 475 (1994). Here, the complaint fails to state what role, if any, these federal agencies may have played in either the search of Torrey's home or the seizure of her property.

As to the Brockton Police and the "State Police" Departments, these departments are not suable entities under Section 1983. For purposes of a Section 1983 action, a police department is

---

[2] In 1971, the Supreme Court recognized an implied private action for damages against federal officers alleged to have violated an individual's constitutional rights. Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Since that time, the availability of Bivens-type causes of action has been narrowly circumscribed, Egbert v. Boule, 142 S. Ct. 1793, 1800 (2022).

8

"considered a non-person" and, therefore, "is not a suable entity." Curran v. City of Boston, 777 F.Supp. 116, 120 (D. Mass. 1991). The Brockton Police Department is separate from any individual police officers who may have been involved in the search referenced in the complaint. The City of Brockton could be named instead of the Brockton Police Department. However, the municipality itself may only be named as a defendant in certain circumstances. In Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. Only when the municipality, through the execution of its policies, actually deprives an individual of her constitutional rights, is it liable for the injury. Id. at 694. To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation. Id.

A claim for monetary damages against the Commonwealth of Massachusetts would be barred by the Eleventh Amendment. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 n. 10 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' Kentucky v. Graham, 473 U.S., at

9


167, n. 14, 105 S.Ct., at 3106, n. 14; Ex parte Young, 209 U.S. 123, 159-160, 28 S.Ct. 441, 453-454, 52 L.Ed. 714 (1908).").

Finally, there is interplay between the administrative forfeiture statutes referenced in the complaint. See 18 U.S.C. § 983 (the Civil Asset Forfeiture Reform Act); 19 U.S.C. § 1615 (general civil forfeiture provisions that provide exclusive basis for a district court to set aside an administrative forfeiture); 21 U.S.C. § 881 (allows the Government to seize and forfeit property purchased with proceeds from drug trafficking). However, Torrey has not clearly stated whether she filed a claim and/or petition concerning the seized property.

Reading Torrey's complaint generously, the Court finds that the complaint does not contain sufficient allegations to state a claim against any of the defendants.

**V.   Order**

For the aforementioned reasons, it is hereby Ordered:

1.   The Application to Proceed in District Court Without Prepayment of Fees or Costs is ALLOWED as to Michelle Torrey.

2.   The Motion for Appointment of Counsel is DENIED without PREJUDICE.

3.   If Torrey wishes to proceed in this matter, she must file an amended complaint curing the pleading deficiencies and

10

setting forth a plausible claim upon which relief may be granted. Failure to comply with this directive within twenty-eight (28) days of the date of this Memorandum and Order will result in dismissal of this action.

                                        S**O ORDERED.**

Dated: June 17, 2024        /s/ William G. Young
                                          WILLIAM G. YOUNG
                                          UNITED STATES DISTRICT JUDGE