Exhibit 10, 10A

Michelle M. Torrey vs U.S, City of Brockton,
Common wealth of Mass et al
Brian Richard Kilfoyle, and Nicholas Soquillien
pg 10

Exhibit 10

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | |
|---|---|
| Michelle M. Torrey<br><br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint.*<br>*If the names of all the plaintiffs cannot fit in the space above,*<br>*please write "see attached" in the space and attach an additional*<br>*page with the full list of names.)*<br><br>-v-<br><br>United States of America<br><br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the*<br>*names of all the defendants cannot fit in the space above, please*<br>*write "see attached" in the space and attach an additional page*<br>*with the full list of names.)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____<br><br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)*  ☑ Yes  ☐ No |

## COMPLAINT FOR A CIVIL CASE

I.    **The Parties to This Complaint**

    A.    **The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint. Attach additional pages if
        needed.

            Name                      Michelle M. Torrey    pro se
            Street Address        294 Prospect Street
            City and County       Brockton,
            State and Zip Code    MA. 02301
            Telephone Number    (508) 326-3157
            E-mail Address       m.torreyre@comcast.net

    B.    **The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an
        individual, a government agency, an organization, or a corporation. For an individual defendant,
        include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

Defendant No. 1

Name                                    F. B. I   United States of America
Job or Title *(if known)*
Street Address                          201 Maple Street
City and County                         Chelsea, MA. 02150
State and Zip Code
Telephone Number                        857 386 2000
E-mail Address *(if known)*

Defendant No. 2

Name                                    A. T. F
Job or Title *(if known)*               1550 Main Street Suite 317
Street Address                          Springfield, MA 01103
City and County
State and Zip Code
Telephone Number                        (413) 731-6200
E-mail Address *(if known)*

Defendant No. 3

Name                                    Brockton Police Dept
Job or Title *(if known)*
Street Address                          7 Commercial Street
City and County                         Brockton, MA. 02302
State and Zip Code
Telephone Number                        (508) 941-0200
E-mail Address *(if known)*

Defendant No. 4

Name                                    State Police Dept.
Job or Title *(if known)*
Street Address                          1 Ashburton Place
City and County                         Boston, MA. 02108
State and Zip Code
Telephone Number                        (617) 727-2917
E-mail Address *(if known)*

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question                    [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. U.S.C.A. § 24(2)(a)(i)A, U.S.C.A. Constitutional Admendment 4; U.S.C.A. Admendment 5, 31 U.S.C.A. § 5317, 19 U.S.C.A. § 1615, 18 U.S.C.A. § 983(c), U.S.C.A Const. Amend 8, 18 U.S.C § 983(c). Violation of Civil Asset Forfeiture Reform Act of 2000, U.S.C.A. Amend 5, 28 U.S.C.A §§ 1345, 1355, Violation of Federal Rules of Evidence 404(b) and 403, 21 U.S.C.A. § 881. 28 U.S.C.A §2412 +2 U.S.C.A § 1983

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

(b)(1)(A) 42 U.S.C.A § 1983
U.S. Const. Amend 14
21 U.S.C.A Const Amend 6
§ 853(a)(e)(c) Violation of Health and Safety Code 11488.4

#### 1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____, is a citizen of the (i) in its entirety

State of *(name)* _____.

18 U.S.C.A § 983(c)
19 U.S.C.A § 1615

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated

under the laws of the State of *(name)* _____,

and has its principal place of business in the State of *(name)*

_____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

#### 2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____, is a citizen of

the State of *(name)* _____. Or is a citizen of

*(foreign nation)* _____.

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy    148,820 plus damages to real property,

n addition to emotional and financial harm to claimant.

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:

The Government is illegally withholding 62,820.⁰⁰ from claimant that made claim uring illegal search and seizure and showed proof of origin and provided legal paper york to support Government had no right to take money as it was honest money laimant showed source of money HUD settlement sheet. Claimant and claimant Attorney was denied access to home to watch illegally obtained warrant. Law Enforcement stole 85,000 not logged in on property sheet and personal property jewelry was

III.    Statement of Claim    also stolen. Law enforcement also caused physical damage to property. Total Loss of Consortium and caused financial ruin and ability to earn a living. 148,820.⁰⁰

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Michelle M. Torrey is owed $148,820.⁰⁰ in addition to 6,000.⁰⁰ taken from bedroom and room off bedroom hidden in various locations. Jewelry Stolen include Diamond tennis bracelet, engagement ring, various gold chains with pendants in 2023 my real estate license was not renewed due to un paid taxes which claimant cannot pay due to Government holding money hostage and not affording claimant with a forfeiture hearing for over 3 years 9 months.
        I have PSTD from this event and this event has caused damage

IV.    Relief    to my reputation and ability to work, Claimant is looking to litigate matter on each merit and is asking court for immediate return of monies

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.    and items

and 500,000 or damages

Plaintiff ask that 62,820.⁰⁰ currency immediatly be returned with interest as well as the 85,000⁰⁰ Law Enforcement stole from her home as a probation violation warrant for my son turned into complete disregard for rule of law and allowed law enforcement acting outside of their role obtain an illegal search warrant which was then the vechile for law enforcement to plant evidence and Steal from me and my family. They seized lawful assets and I saw and have witnesses whom saw agents bring drugs into my home, Complete loss of consortium

Page 4 of 5

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

In a court of law. The claimant has multiple videos showing violations and misconduct of law enforcement. In addition surveillance system was taken from home which will also support claim of 4th, 5th, 8th, 16th admendment violations. The harm caused by this aggregious acts of law enforcement under the color of law acting outside of their duty is clear and present once evidence is presented to the court.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    April 3, 2024

Signature of Plaintiff    Michelle M Torrey pro se
Printed Name of Plaintiff    Michelle M. Torrey pro se

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____
Printed Name of Attorney    _____
Bar Number    _____
Name of Law Firm    _____
Street Address    294 Prospect Street
State and Zip Code    Brockton, MA. 02301
Telephone Number    (508) 326-3157
E-mail Address    m.torreyre@comcast.net

JS 44 (Rev. 10/20)
# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michelle M. Torrey Pro se

## DEFENDANTS
United States
(ATF, FBI, Brockton Police, State Police)

**(b)** County of Residence of First Listed Plaintiff **Plymouth**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [x] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument | Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| Student Loans | [ ] 340 Marine | Injury Product | | New Drug Application | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product | Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | Product Liability | [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury | [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - | Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | Sentence | | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | [ ] 462 Naturalization Application | | Agency Decision |
| | [ ] 446 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| | Other | [ ] 550 Civil Rights | Actions | | State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause: Forfeiture, Misconduct by law enforcement

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 500,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

ATTACHMENT 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) _Michelle M Torrey  U  United States_

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    [ ]  I.       160, 400, 410, 441, 535, 830*, 835*, 850, 880, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

    [ ]  II.      110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

    [✓]  III.     120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362,
                   365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 485, 490, 510, 530, 540, 550, 555, 560,
                   625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.

                   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _Criminal No  19-CR-10296-WGY_

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES [✓]     NO [ ]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

    YES [✓]     NO [ ]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES [✓]     NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES [✓]     NO [ ]

7.  Do all of the parties  in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES [ ]     NO [✓]

    A.     If yes, in which division do all of the non-governmental parties reside?

           Eastern Division [✓]          Central Division [ ]          Western Division [✓]

    B.     If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

           Eastern Division [✓]          Central Division [ ]          Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

    YES [ ]     NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S OR PRO SE'S NAME _Michelle M. Torrey_

ADDRESS _294 Prospect Street  Brockton, MA. 02301_

TELEPHONE NO. _(508) 326-3157_

EMAIL ADDRESS _m.torrey.re@comcast.net_

(CategoryForm6-2021.wpd )

ATTACHMENT 4

🔍AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of    Massachusetts

Michelle M. Torrey pro se

**SUMMONS IN A CIVIL CASE**

V.

United States of America

CASE

TO: (Name and address of Defendant)

United States of America

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michelle M. Torrey pro se
294 Prospect Street
Brockton, MA. 02301

an answer to the complaint which is herewith served upon you, within _____ days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

_____
CLERK

_____
DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

G  Served personally upon the third-party defendant.  Place where served: _____

G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

G  Returned unexecuted: _____

G  Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                    Date                    *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

ATTACHMENT 5

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

Michelle M. Torrey
*Plaintiff/Petitioner*

v.

United States of America
*Defendant/Respondent*

)
)
)
)
)

Civil Action No.

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
(Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested. I cannot work due to the forfeiture of my lawful assets being stolen I was unable to pay taxes which resulted in loss of real estate license. Unemployed.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:

My gross pay or wages are:  $ ~0~ , and my take-home pay or wages are:  $ ~0~  per
*(specify pay period)* _____ .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

(a) Business, profession, or other self-employment        ☑ Yes        ☐ No
(b) Rent payments, interest, or dividends                      ☑ Yes        ☐ No
(c) Pension, annuity, or life insurance payments              ☐ Yes        ☑ No
(d) Disability, or worker's compensation payments            ☐ Yes        ☑ No
(e) Gifts, or inheritances                                          ☐ Yes        ☑ No
(f) Any other sources                                              ☐ Yes        ☑ No

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

I have a multi family in Taunton MA. 02780, I have currently one unit vacant had to evict non paying tenant. Currently the rent coming in does not cover mortgage payment and taxes insurance. Property is operating at 200.00 month loss.

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4. Amount of money that I have in cash or in a checking or savings account:  $ _380.00_ .

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

2008 Bmw

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:



$1934.00 monthly mortgage ( 431 Weir St Taunton, MA.00

300.00 electric monthly        oil — 600 current monthly
100.00 Discover monthly                    obligation
50.00 Capital One

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

N/A

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

Irs Debt over 78,000.00 which has been accruing interest and penalties due to Law Enforcement illegally taking money for forfeiture and stealing 85,000.00 from my home.

*Declaration:* I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: _April 3, 2024_

_Michelle M. Torrey_
*Applicant's signature*

_Michelle M. Torrey_
*Printed name*

**STEP BY STEP**                                                                    **ATTACHMENT 6**
                                                                                          **Page 1**

28 USCS § 1915 (2002)

§ 1915. Proceedings in forma pauperis

(a)    (1)   Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

       (2)   A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

       (3)   An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

(b)    (1)   Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
       (A)  the average monthly deposits to the prisoner's account; or
       (B)  the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

       (2)  After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $ 10 until the filing fees are paid.

       (3)  In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment.

       (4)  In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

(c)  Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

(d)  The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.

(e)      (1) The court may request an attorney to represent any person unable to afford counsel.

         (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
         (A)  the allegation of poverty is untrue; or
         (B)  the action or appeal--
              (i)  is frivolous or malicious;
              (ii)  fails to state a claim on which relief may be granted; or
              (iii)  seeks monetary relief against a defendant who is immune from such relief.

(f)      (1)  Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, but the United States shall not be liable for any of the costs thus incurred. If the United States has paid the cost of a stenographic transcript or printed record for the prevailing party, the same shall be taxed in favor of the United States.

         (2) (A)  If the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered.
         (B) The prisoner shall be required to make payments for costs under this subsection in the same manner as is provided for filing fees under subsection (a)(2).
         (C) In no event shall the costs collected exceed the amount of the costs ordered by the court.

(g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**STEP BY STEP**

**ATTACHMENT 6**
**Page 3**

(h)   As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

HISTORY:    (June 25, 1948, ch 646, § 1, 62 Stat. 954; May 24, 1949, ch 139, § 98, 63 Stat. 104; Oct. 31, 1951, ch 655, § 51 (b), (c), 65 Stat. 727; Sept. 21, 1959, Pub.L. 86-320, 73 Stat. 590; Oct. 10, 1979, Pub.L. 96-82, § 6, 93 Stat. 645.) Dec. 1, 1990, Pub.L. 101-650, Title III § 321, 104 Stat. 5117; Apr. 26, 1996, Pub.L. 104-134, Title I § 101 [(a)] [Title VIII, § 804(a), (c)-(e)], 110 Stat. 1321-73, 1321-74, 1321-75; renumbered Title I May 2, 1996, Pub.L. 104-140, § 1(a), 110 Stat. 1327.)

— — — — — — — — — — — — — — — — — — — — — — — — — — — — —

28 USCS § 1915A (2002)

§ 1915A.  Screening

(a)  Screening.  The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b)  Grounds for dismissal.  On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
  (2) seeks monetary relief from a defendant who is immune from such relief.

(c)  Definition.  As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

HISTORY:    (Added Pub.L. 104-134, Title I § 101[(a)] [Title VIII, § 805(a)], April 26, 1996, 110 Stat. 1321-75; renumbered Title I Pub.L. 104-140, § 1(a), May 2, 1996, 110 Stat. 1327.

℞AO 398  (Rev. 12/93)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

ATTACHMENT 7

TO:  (A)  _____

as    (B)  _____ of (C)  _____

     A lawsuit has been commenced against you (or the entity on whose behalf you are addressed).  A copy of the complaint is attached to this notice.  It has been filed in the United States District Court for the
(D)  _____ District of  _____
and has been assigned docket number (E)  _____.

     This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint.  The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ days after the date designated below as the date on which this Notice and Request is sent.  I enclose a stamped and addressed envelope (or other means of cost-free return) for your use.  An extra copy of the waiver is also attached for your records.

     If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you.  The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

     If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service.  In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

     I affirm that this request is being sent to you on behalf of the plaintiff, this _3rd_____ day of
_April_____ , _2024___ .

_Michelle M. Dorsey pro se_
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—District
E—Docket number of action
F—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

ATTACHMENT 8

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

Michelle M. Torrey
_____
Plaintiff
      v.
United States of America
_____
Defendant

)
)
)
)
)

Civil Action No.

## WAIVER OF THE SERVICE OF SUMMONS

To: Michelle M. Torrey pro se
_____
(Name of the plaintiff's attorney or unrepresented plaintiff)

     I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

     I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

     I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

     I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

                             Michelle M Torrey pro se
                             Signature of the attorney or unrepresented party

Michelle M. Torrey
_____
Printed name of party waiving service of summons

                             Michelle M. Torrey pro se
                             Printed name

                             294 Prospect Street Brockton, MA. 02305
                             Address

                             m.torreyre@comcast.net
                             E-mail address

                             (508) 326-3159
                             Telephone number

### Duty to Avoid Unnecessary Expenses of Serving a Summons

     Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

     "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

     If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

     If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

*Exhibit 10A*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE TORREY and CHRISTIAN SOARES,

        Plaintiffs,

v.

FBI UNITED STATES OF AMERICA, et al.,

        Defendants.

Civil Action No.
24-10864-WGY

### MEMORANDUM AND ORDER

YOUNG, D.J.

June 17, 2024

For the reasons set forth below, the Court allows Michelle Torrey's motion for leave to proceed in forma pauperis and denies without prejudice the motion for counsel. If Michelle Torrey wishes to proceed with this action, the Court grants her time to file an amended complaint that sets forth a plausible claim upon which relief may be granted.

## I.   Background

Michelle Torrey ("Torrey") initiated this action by filing a pro se complaint on behalf of herself and her adult son, Christian Soares ("Soares"), seeking the return of certain property that the government has sought to have forfeited as derived from proceeds obtained as a result of criminal activity. With the complaint, Torrey filed an Application to Proceed in District Court Without Prepaying Fees or Costs and a motion to appoint counsel.

Accompanying the complaint are copies of (1) Soares' General Durable Power of Attorney appointing Torrey as attorney-in fact; and (2) the November 16, 2023 Preliminary Order of Forfeiture from Soares' pending criminal action.   The Court may take judicial notice that Soares is a criminal defendant.[1]  See United States v. Soares, CR. No. 1:19-cr-10296-WGY-1 (D. Mass.).

The complaint is submitted on the preprinted Pro Se 1 form provided by the Administrative Office of the United States Courts. Doc. No. 1.   The case caption identifies the defendant as the United States of America and the body of the complaint identifies the following four defendants: (1) F.B.I. United States of America; (2) A.T.F.; (3) Brockton Police Dept.; and (4) State Police Dept. Id. at 1 (caption), ¶ I (the parties to the complaint).   Torrey checked the box indicating "federal question" jurisdiction and lists several laws that are at issue in this case including 18 U.S.C. § 983(c); 19 U.S.C. § 1615; 21 U.S.C. § 881; 21 U.S.C. § 853; 28 U.S.C. §§ 1345, 1355; 28 U.S.C. § 2412; 31 U.S.C. § 5317; 42 U.S.C. § 1983; and the Fourth, Fifth, Sixth and Eighth

---

[1] It is "well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990); see Lydon v. Local 103, Int'l Bhd. of Elec. Workers, 770 F.3d 48, 53 (1st Cir. 2014); see also United States v. Mercado, 412 F.3d 243, 247 (1st Cir. 2005).

Amendments to the United States Constitution.  Id. at ¶ II(A) (if the basis for jurisdiction is a federal question).  Torrey seeks monetary relief and return of property.  Id. at ¶ IV (relief) ("immediate return of monies and items and [$]500,000 damages").  Torrey states that "Law [e]nforcement stole from her home as a probation violation warrant for [her] son turned into complete disregard for rule of law and allowed law enforcement acting outside of their role obtain an illegal search warrant which was than the vehicle for law enforcement to plant evidence and steal from [Torrey] and her family."  Id.

In the statement of claim, Torrey alleges that during a search of her home, law enforcement stole several items of jewelry and that she "is owed "$148,820.00 in addition to [$]6,000.00 taken from bedroom and room off bedroom hidden in various locations."  Id. at ¶ III (statement of claim).  Torrey further states that her real estate license was not renewed "due to unpaid taxes which claimant cannot pay due to Government holding money hostage and not affording claimant with a forfeiture hearing for over 3 years 9 months."  Id.

## II.   In Forma Pauperis Motion and Appearances

The Application to Proceed in District Court Without Prepaying Fees or Costs (also known as a motion for leave to

3

proceed in forma pauperis) is signed by Torrey.  After review, the Court concludes that Torrey is without assets to pay the filing fee and ALLOWS the motion only as to Torrey.

Under federal law, a court may "authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . ."  28 U.S.C. § 1915(a)(1).  Although Soares signed a power of attorney that appoints Torrey as attorney-in-fact, a non-attorney cannot litigate on behalf of another person.  See 28 U.S.C. § 1654; Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982); Local Rule 83.5.3(a).

Because Torrey is not alleged to be an attorney, she cannot represent Soares.  Moreover, Torrey does not have standing to represent Soares in her capacity as his parent because Soares is an adult, and any statutory authority that permits a parent to represent a child does not apply.  See e.g. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 531 (2007) (a parent may litigate in federal court a claim under the Individuals with Disabilities Education Act ("IDEA") because the "IDEA does not differentiate ... between the rights accorded to children and the rights accorded to parents.").  Soares may be a plaintiff if addition of him as a party would be in accordance with the rules on joinder of claims

4

and parties, but even then, he would have to sign the amended complaint and would have to sign all papers submitted under his name.

## III. Standard of Review

Because Torrey is proceeding in forma pauperis, summonses do not issue until the court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss a complaint sua sponte if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'The fundamental purpose'" of this pleading rule "'is to protect a defendant's . . . right to know in advance the nature of the cause of action being asserted against him.'" Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015) (quoting Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008)). The claims must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ.

P. 10(b).  The complaint must contain "'enough detail to provide a defendant with fair notice of what the . . . claim is and the grounds upon which it rests.'"  Silverstrand Invs. v. AMAG Pharm., Inc., 707 F.3d 95, 101 (1st Cir. 2013) (quoting Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011)).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "In evaluating whether a complaint states a plausible claim, [the court] 'perform[s] [a] two-step analysis.'" Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016) (quoting Cardigan Mountain Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015)). "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" Garcia-Catalan v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). Second, the court must determine whether the factual

6

allegations present a "'reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Haley v. City of Boston</u>, 657 F.3d 39, 46 (1st Cir. 2011) (quoting <u>Iqbal</u>, 556 U.S. at 663).

In conducting this review, the Court liberally construes the complaint because Torrey is proceeding <u>pro se</u>. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).

## IV. Discussion

Torrey's complaint does not meet the standard for a "short and plain statement" of her claim showing that she is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Here, Torrey complains that during the course of a search of her Brockton home, her property was seized and is now subject to forfeiture to the Government. However, she has not alleged any facts from which the Court may reasonably infer that one or more of the defendant law enforcement agencies violated federal law.  In particular, she does not provide the date of the search and does not state what action was taken by each defendant.  Torrey has an obligation to set forth factual allegations that would permit a person unfamiliar with legal proceedings surrounding the search to understand what specific acts of alleged misconduct by each defendant gave rise to this action.

As written, the complaint makes no claims that would allow

Torrey to assert a civil rights claim against any of the
defendants.  To the extent Torrey seeks to assert a claim under
42 U.S.C. § 1983, this federal civil rights statute "furnishes a
cause of action against any person who, while acting under color
of state law, transgresses someone else's constitutional rights."
Alfano v. Lynch, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing Kalina
v. Fletcher, 522 U.S. 118, 123 (1997)).  There is no comparable
federal statute applicable to constitutional claims against
federal officers.[2]

As to the two federal agencies named as defendants (the F.B.I.
and the A.T.F.), these federal agencies have sovereign immunity
from suit unless such immunity has been waived.  See FDIC v. Meyer,
510 U.S. 471, 475 (1994).  Here, the complaint fails to state what
role, if any, these federal agencies may have played in either the
search of Torrey's home or the seizure of her property.

As to the Brockton Police and the "State Police" Departments,
these departments are not suable entities under Section 1983.  For
purposes of a Section 1983 action, a police department is

---

[2] In 1971, the Supreme Court recognized an implied private action
for damages against federal officers alleged to have violated an
individual's constitutional rights.  Bivens v. Six Unknown Named
Agents, 403 U.S. 388 (1971).  Since that time, the availability of
Bivens-type causes of action has been narrowly circumscribed,
Egbert v. Boule, 142 S. Ct. 1793, 1800 (2022).

8

"considered a non-person" and, therefore, "is not a suable entity." Curran v. City of Boston, 777 F.Supp. 116, 120 (D. Mass. 1991). The Brockton Police Department is separate from any individual police officers who may have been involved in the search referenced in the complaint.    The City of Brockton could be named instead of the Brockton Police Department. However, the municipality itself may only be named as a defendant in certain circumstances. In Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. Only when the municipality, through the execution of its policies, actually deprives an individual of her constitutional rights, is it liable for the injury. Id. at 694. To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation. Id.

A claim for monetary damages against the Commonwealth of Massachusetts would be barred by the Eleventh Amendment.    See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 n. 10  (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' Kentucky v. Graham, 473 U.S., at

9

167, n. 14, 105 S.Ct., at 3106, n. 14; Ex parte Young, 209 U.S.

123, 159-160, 28 S.Ct. 441, 453-454, 52 L.Ed. 714 (1908).").

Finally, there is interplay between the administrative

forfeiture statutes referenced in the complaint. See 18 U.S.C. §

983 (the Civil Asset Forfeiture Reform Act); 19 U.S.C. § 1615

(general civil forfeiture provisions that provide exclusive basis

for a district court to set aside an administrative forfeiture);

21 U.S.C. § 881 (allows the Government to seize and forfeit

property purchased with proceeds from drug trafficking).

However, Torrey has not clearly stated whether she filed a claim

and/or petition concerning the seized property.

Reading Torrey's complaint generously, the Court finds that

the complaint does not contain sufficient allegations to state a

claim against any of the defendants.

V.    Order

For the aforementioned reasons, it is hereby Ordered:

1.    The Application to Proceed in District Court Without

Prepayment of Fees or Costs is ALLOWED as to Michelle Torrey.

2.    The Motion for Appointment of Counsel is DENIED without

PREJUDICE.

3.    If Torrey wishes to proceed in this matter, she must

file an amended complaint curing the pleading deficiencies and