UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHELLE TORREY,<br>      Plaintiff,<br><br>v.<br><br>FBI UNITED STATES OF<br>AMERICA, et al.,<br>      Defendants. | Civil Action No.<br>24-10864-WGY |

ORDER

YOUNG, D.J.                                                September 30, 2024

In a Memorandum and Order dated June 17, 2024, the Court informed Michelle Torrey that the complaint does not contain sufficient allegations to state a claim against any of the defendants and is subject to dismissal.  At that time, the Court informed Torrey that she could not represent her son and that he may be a plaintiff if he signed all papers submitted under his name.  The Court allowed Torrey's motion for leave to proceed in forma pauperis, denied her motion for counsel and advised her that this action will be dismissed unless she files an amended complaint that sets forth a plausible claim upon which relief may be granted.  Doc. No. 6. The Court informed Torrey that failure to comply with the directives contained in the Memorandum and Order within 28 days will result in dismissal. Id.

Now before the Court are Torrey's renewed motion for appointment of counsel and amended complaint. Doc. Nos. 8, 9. Torrey subsequently filed a pleading titled "amended complaint for a civil case/and answer to preliminary order of forfeiture criminal no. 19-cr-10296-WGY." Doc. No. 10.

Here, the operative pleading is Torrey's amended complaint, Doc. No. 9, because the second amended complaint, Doc. No. 10, was not filed with a motion for leave to file. To the extent Torrey seeks to file a second amended complaint, she must file a motion for leave to file accompanied by the proposed second amended complaint.

The amended complaint names as defendants several John and Jane Does as well as the United States of America, the City of Brockton, the Commonwealth of Massachusetts, State Trooper Brian Richard Kilfoyle and Assistant United States Attorney ("AUSA") Nicholas Soivilien. Although AUSA Soivilien is named in the case caption of the amended complaint, he is not referenced in the body of the amended complaint and will be dismissed as a defendant for the reasons stated in the June 17, 2024 Memorandum and Order and because prosecutors are absolutely immune from suit for exercising core prosecutorial functions. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Penate v. Kaczmarek, 928

2

F.3d 128, 135 (1st Cir. 2019).

Accordingly, it is hereby Ordered:

1.  The Clerk shall issue summonses for Brian Richard Kilfoyle, the United States of America, the City of Brockton, and the Commonwealth of Massachusetts.  Plaintiff is responsible for ensuring that the summonses, amended complaint (Doc. No. 9), and this order are served on these defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

2.  At this time, summonses will not issue as to the defendants identified as John and Jane Does.  If, through discovery, the plaintiff discovers the true name of these defendants, she "should act promptly to amend the complaint to substitute the correct parties and to dismiss any baseless claims."  Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 8 n.5 (1st Cir. 2007).  She may then also file a motion for issuance of summonses for these defendants.  If a summons issues, the United States Marshal shall complete service as directed by plaintiff with all costs of service to be advanced by the United States.

3.  The claim against defendant AUSA Nicholas Soivilien is DISMISSED and he shall be terminated as a party to this action.

4.  Because the plaintiff is proceeding in forma pauperis,

3

she may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. If the plaintiff chooses to have service completed by the USMS, she shall provide the agency with a copy of this order, all papers for service, and a completed USM-285 form for each party to be served. The USMS shall complete service as directed by the plaintiff with all costs of service to be advanced by the United States. The Clerk shall provide the plaintiff with a blank USM-285 form and instructions for service.

5. The plaintiff shall have 90 days from the date of the issuance of the summons to complete service. Failure to complete service within 90 days may result in dismissal of the action without further notice from the Court. See Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

**SO ORDERED.**

Dated: September 30, 2024

*William G. Young*
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

4