United States District Court

District of Massachusetts

2024 DEC 27 PH 4:45

December 18, 2024

Michelle H. Torrey
los of consortium
     Plaintiff

V.

United States of America
et al defendants

)
)
)
)
)
)
)
)
)

Civil Case: 24-10864 WGY

## Motion to Leave and File

Amend Complaint to include Federal Assistant Prosecutor
Kaitlin R. O'Donnell Assistant Prosecutor individually and
in the Capacity of Federal Prosecutor and Office/
Department of United States Federal Prosecutors
Office aka United States.

Demand for a Jury Trial in case 24-10864.

Motion to Appoint Counsel and Reconsider
previous denials.

Motion to request an additional 30 days to
Complete service to all defendants.

     Plaintiff Ms. Torrey is currently pro se
and requests that the Court Appoint Counsel in
above civil case. Ms. Torrey's multiple requests

(page 1)

to be appointed a lawyer bye the court. Request is made again for reconsideration of denial of appointment of counsel. Ms. Torrey has been financially bancrupt due to the actions and or inactions of Assistant Federal prosecutor Kaitlyn O'Donnell and actions of defendants in previous complaints. The allegations of police misconduct, larcency by law enforcement, prosecutor misconduct, deprivation of property, Violations of Civil Rights, and other claims and allegations of Constitutional Rights Violations by State Agency and Police Physical Abuse should be offensive to say the least to the Judicial Branch of Government and should warrant at the very least to Appoint Counsel to ensure justice. What happens to the least of us should be great concern to the most of us. Ms. Torrey due to financial hardship that was a direct result of seizure and larceny by the defendants that have caused irrevisble harm and finacial insecurity and Ms. Torrey Cannot afford a lawyer to defend her claims. The Court and the Judge should only be interested in justice and justice cannot be served with "David going against Goliath. I request again to be appointed a lawyer in the interest of justice and truth. It states in instructions giving to me by Clerk's office in filing civil complaint that a Judge can make an order to appoint counsel and based off evidence presented thus far by Plaintiff the Court should allow this

(page 2)

Simple request to Appoint Plaintiff an Attorney based off eggregious acts commited against innocent Owner as well as all occupants.

The Plaintiff Ms. Michelle Torrey demands a jury trial of my peers.

The Plaintiff Ms Michelle Torrey requests a modest 30 day extension from September 30, 2024 Memorandum and Order to extend the 90 day period period to return service to the Court for an additional 30 days. Ms. Torrey had a previously scheduled procedure that due to not having her currency returned in time to pay for procedure is awaiting a date and time for cancelled appointment in early December appt had to be cancelled after application for financing was denied due to insufficient income. As previously reported to the Court that her liscense to practice was not renewed due to unpaid income taxes which was a direct result of warrantless warrant and illegal search and Seizure and theft of her currency by law enforcement agencies. The prosecutors negligent deprivation of real property and currency has further delayed Ms. Torrey's much needed procedure that was originally scheduled for 2021. Since the time which surgery was to be performed in 2021 now 2024 Ms. Torrey's pre-op appt she was informed that

(page 3)

no longer eligible for implants due to bone deterioration and loss of bone that is a direct effect of 3 and 1/2 year wait for her return of her currency. I am currently awaiting an opening from Maxillofacial Surgeon that will be removing all my teeth. I will be in extreme pain and for at least 10 days will be unable to work or drive due to pain medication. I was told I will need to take a 20 to 30 day leave from all activity. If the Court is inclined to Grant Motion to Appoint counsel this will not be needed as he or she can answer or file motions on my behalf. Again the allegations and claims alleged are so eggrigious and warrant the Court appoint a highly qualified Federal Lawyer to represent Ms. Torrey as the return of 62,820.⁰⁰ is a modest return of property in comparison to the 148,000⁰⁰ to 170,000.⁰⁰ that was in my safe and taken by law enforcement agencies improperly and by larceny. If Judge is inclined to make a speedy ruling. I have 7 copies of complete Complaints and exhibits and will immediatly have U.S. Marshall's office make service to all defendants.

## Introduction

### To Motion to Admend Complaint to include Federal Assistant Prosecutor Kaitlyn O'Donnell as a Defendant in Civil Case (Action) # 24-10864-WGY

(page 4)

Plaintiff has filed multiple Motions to Admend the Complaint in case# 24-10864-WGY civil case as well as Criminal Case No. 19-CR-10296 to include Office/Department of Massachusetts Federal Prosecutors as well as Assistant Federal Prosecutor Kaitlyn R. O'Donnell since Memorandum and Order dated September 30, 2024 on respectively, a true accurate copy of which is attached as Exhibit 1 this was an order that was derived from Plaintiff's filing dated July 15, 2024 respectively, a true accurate copy of which is attached as Exhibit 2. The order was also in response to Amended Complaint dated 7/24/24 Filed with Clerks Office to include Federal Prosecutor Kaitlyn R. O'Donnell individually and in her official capacity as a Federal Prosecutor, a true accurate copy of which is attached as Exhibit 3. The Plaintiff sometime in early October filed a Motion to Leave and File; Motion to Reconsider Order dated September 30, 2024, a true accurate copy of which is attached Exhibit 4 This Motion objected to ruling that prosecutors are absolutely Immune from suit. Which I rejected the Courts findings as this is a made up judge made doctrine not a law that has passed thru Congress. I provided case law to support claim as well as violations of Constitutional law, Civil Rights Violations, Deprivation of Rights Violations, Due Process

(page 5)

violations. The Second Circuit holds Due Process requires that a forfeiture hearings are required see Krimstock 306 F 3(d) at 40; see also Lee -v- Thorton, 538 F. 2. d 27 31-32 (2d Cir 1976.) Second Circuit Court found on Krimstock that "there should be some kind of mechanism to promptly test the validity of the seizure." Id. at 839. The Seventh Circuit Court found that a hearing is required under Matthews, especially given that the private interest was a vechile that was seized. Id. at 838 the court rejected the idea and arguments based on alleged administrative burdens. The New York Court of Appeals is in accord. See Canavan, 802 N.E. 2d at 623-24. This case involved a county forfeiture scheme, under which property owners had to wait 120 days after seizure for commencement of forfeiture proceeding Id. at 142. Balancing the Matthews Factors the court held that Due Process requires that a prompt post seizure retention hearing before a neutral magistrate be afforded and adequate notice to all defendants. Ms. Torrey never recieved any notice regarding a forfeiture hearing (Exhibit) until notice was sent on September 30, 2024 (6.5) please see letter which I only received after multiple calls and visits to Boston Federal Court demanding my money be immediatly returned. The letter and Preliminary Order to Surrender my honest money as innocent Owner to the Government, I presented myself numerous

( page 6 )

times and Federal Prosecutor Knew full well
my claim of interest in currency that was
Seized and stolen out of my locked bed-
room; currency contained in a locked safe.
Ms. O'Donnell Knew that monies Government
Seized was not contraband as I provided
documentation as well as Attorney Paul Clancy
presented documentation as to the origin of
Cash in my locked Safe. Excessive Fines applies
which is another Due Process Violation. There was
absolutely no reason for my honest money to be
Seized as I showed law enforcement a closing
disclosure notarized and recorded at Bristol County
Registry of Deeds showing the Plaintiff Sold     Exhibit
her property at 148 Williams Street Taunton, MA.   6
02780 and recieved over $230,000.⁰⁰ December
24, 2020. I, Michelle M. Torrey was not charged
with any crime and assert innocent owner
defense which falls under Civil forfeiture procedure.

    I the home owner had the right ~~and~~ to reasonable
expectations of privacy as a probation violation
warrant is a body warrant. My son was taken
into custody at the front door. As soon as he was
in hand cuffs at front door that should have
been the end of law enforcement intruding
into my private life and home. Myself and
my daughter requested than order law enforcement
to leave. They would not leave and entered my
(Page 7)

while being told to leave. The Plaintiff was pushed back and held and prevented from re entering her property. Law enforcement were told over and over that their actions were being video taped and they were being illegal. This is on video submitted into evidence. The Officers also used drones and thermal heat equiptment. I question why my property and currency were stolen but when you look at warrant less warrant you clearly see that the Court Magistrate gave instruction to take all valuables. This is a clear money grab bye the government and I the home owner should not have been subject to any Seizure as I gave clear consise evidence to support the funds in the safe was that of hard work by the Plaintiff. See (Exhibit 6) Warrant less Warrant Issued after illegal search and law enforcement planting evidence. Please see attached Exhibit 7 Filed November 26, 2024 Motion to Leave for Criminal No 19-CR-10296-WGY. I finally got my day in court on November 26, 2024 a short hearing was held and my money was ordered to be returned. However that was only the money on Inventory sheet not all the money that was taken out of my home as a result of a probation violation for my son. The Plaintiff requests a jory trial in this civil action (Page 8)

<u>Introduction</u>

Plaintiff, Michelle M. Torrey brings this action to recover from injury, harm prejudiced multiple Court actions, Caused financial loss, Los of Consortium of family unit. Kaitlyn R. O'Donnell denied Plaintiff of Due Process. and Created Excessive Fines by her actions and or inactions. Ms. Kaitlyn O'Donnell Knowingly caused great financial harm as well as physical harm es Plaintiff Innocent Owner immediatly presented herself as the Owner of Currency that was being illegally with held and told her Assistant as well as Ms. O'Donnell that I needed the money returned as I needed medical treatment. I sent as well as brought multiple financial records to show origin of currency. It is the Plaintiff's claim that Prosecutor Kaitlyn R. O'Donnell deliberately with held Plaintiff's Currency so Plaintiff would be unable defend her son and son's claim of police brutality. Kaitlyn R. O'Donnell waited almost 2 years to charge Plaintiff' son with a crime. Ms. O'Donnell Knew their was no nexus between money in my safe and charges alleged against Mr. Soares and lied to Grand Jury. Kaitlynn O'Donnell nor anyone in the office would assist Plaintiff to obtain a prompt forfeiture hearing, and in doing so caused great harm. emotionally, physically, and financially to the Plaintiff.

(page 9)

## Parties

1.) Plaintiff, Michelle M. Torrey currently resides at 294 Prospect Street Brockton, MA. 02301.

2.) Brian Richard Kilfoyle, Defendant and employed at Massachusetts State Police. On information and belief Kilfoyle is a resident of Town of Berkley, Bristol County Massachusetts. He is sued in both his official and individual capacity as State Trooper.

3.) The United States of America, Defendant as it employs defendants and has established knowingly or unknowingly customs and practices that violate Civil Rights and Constitutional Admendments of the Plaintiff, Michelle Torrey.

4.) City of Brockton whose address is 45 School Street, Brockton, MA. 02301. The City of Brockton is where incident took place and acts as the host for Federal government and State Police and other Agencies involved, and is a Defendant.

5.) Commonwealth of Massachusetts, Defendant which is a District in where Complaint occured address for service United States Attorney United States Courthouse 1 Courthouse Way, Ste 9200 Boston, MA. 02210.

6.) Kaitlyn R. O'Donell Acting as Assitant U.S. Attorney of the Organized Crime and Gang Unit under Acting United States Attorney Joshua S. Levy, Defendants, being sued in their official and individual capacity.

(page 10)

## Jurisdiction and Venue

Jurisdiction of this Court is invoked under Statues and Rules  18 U.S.C § 983, 19 U.S.C. § 1604, 19 U.S.C. 1607, 19 U.S.C §§ 1607-1610, 28 U.S.C § 1254(1) 31 U.S.C. § 9705, Collections Act of 1789, § 36, 1 Stat. 29, Collections Act 1799, § 89, 1 Stat 627, Fed. R. Civ. P. Supp. R.G., Tariff Act of 1844 § 1, 5, Stat. 653, CAFRA (Aug. 27, 2020), Excessive Fines, Civil Rights Violations Based on Race. State Law of Mass 93 A and B.

## Other Authorities

Dick M. Carpenter, Policing for Profit: The Abuse of Civil Asset Forfeiture (2015)

Dick M. Carpenter, Seize First, Question Later (2015)

Office of Inspector General, Dep't of Homeland Security, DHS Needs to improve Its oversight of Misconduct and Discipline (June 17, 2019)

Office of Inspector General Dep't of Homeland Security, DHS Inconsistently Implemented Administrative Forfeiture Authorities Under CAFRA (August 27, 2020.)

## Venue and Jurisdiction in Addition

Venue property lies in this judicial district pursuant to 28 U.S.C. § 1254 (1) and is invoked under the provisions of Section 1331, 1343(3) and 1367(a)

(page 11)

Of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code. Jurisdiction Of this court is invoked under 28 U.S.C. § 1254(1). Ms. Torrey, Plaintiff resides in Brockton, MA. at 294 Prospect Street and is also the address where law enforcement with a body warrant conducted a home invasion before 6.00 in the morning a no Knock forced entry was conducted by law enforcement where currency and expensive valuable were Stolen and 62,000.00 was siezed. Venue properly lies in this judicial district. Also 28 U.S.C.A § 1442 (3) Under Color of Law. (3)

## Question's Presented and Request For Ruling.

When the Government seizes property for civil Forfeiture / Criminal Forfeiture where there is an Innocent Owner, Does Due Process require a prompt post-Seizure hearing to test the legality of the seizure and the Continued Deprivation of one's property pending the Final Forfeiture trial?

When Due Process is ignored and continually denied to Innocent Owner that results in real damages whom is responsible for financial damages that Innocent Owner Plaintiff incured as a direct result of violations of Due Process? and office of Federal Prosecutors

Does Federal Prosecutors discriminate against minorities whom wait years to recieve a Forfeiture hearing; while white citizens receive timely Forfeiture hearings?

(page 12)

# Facts Applicable to all Counts

1.) Plaintiff, Michelle M. Torrey is a lincensed Real Estate Agent for the Commonwealth of Mass. She has been employed as a Realtor for 30 years.

2.) Ms. Torrey thru Attorney Joseph Krowski made a motion for Compassionate release with home confinment due to the pandamic in late December of 2020. Her son was released a copy of probation release is in Exhibit.

3.) At no time did Plaintiff Michelle Torrey waive her Constitional Rights. Or agree to illegal searches, Seizures, subject to larceny, and other Civil Rights violations as a term of agreement of release.

4.) Plaintiff, Ms. Torrey provided immediatly the Source of the money within her safe that was breached by threat of using an explosive in my closet which holds my wardrope which is important to my career. In addition there were valuable documents (ie) Deeds, Jewelry, Valuable Stamps, over a $148,000 to 170,000.⁰⁰ in Cash Currency.

5.) Plaintiff as well as other occupants of 294 Prospect Street asked law Enforcement to leave after Christian was in custody which they did not.

6.) Law enforcement Searched home with no warrant and did not have to enter to put her son in Custody as he presented himself at side door and was placed in custody in a small foyer seperate from rest of the home. All lights off in home.

7.) Plaintiff son had multiple problems with 1st ankle bracelet. Probation Dept called Plaintiff and requested if I could bring my son to Taunton office and they would issue a new bracelet. So false readings would not keep occuring. He was fitted for new bracelet 1 day after call.

8.) Christian was informed a week prior that Probation would have to violate probation due to number of false alert. Bracelet is not a g.p.s. monitoring system.

9.) Plaintiff son had a probation violation court date the same exact date body warrant for violation of Probation.

10.) The Plaintiff suffered severe excessive fines as Ms. Torrey's currency of $62,000+ was withheld for almost 4 years.

11.) Law enforcement stole large amount currency, $80,000 to $100,000 valuables, jewelry, 3 ultra valuable stamps, and caused emotional anguish and distress.

12) The Plaintiff, was denied her request to observe illegal (2nd) search and seizure by law enforcement agencies. Law enforcement searched Ms. Torrey's property (3) times. Two searches were conducted without a warrant.

(page 14)

13) Ms. Torrey called multiple Attorney's in early morning of March 23, 2021. Plaintiff Michelle Torrey called Attorney William Sims approximately 6:00 a.m. several times with no answer. Plaintiff called Attorney Joseph Krowski between hours of 6:00 A.M to 8:30 A.M. and no answer from Attorney Krowski. Attorney Sims did return call after 9:00 A.M. and gave solid legal advice to immediatly return to property and to video tape with phone conversation he would ultimately have with law enforcement at Plaintiff's property. (Submited as Evidence.)

14.) Plaintiff, Ms. Torrey also called Attorney Paul Clancy, as both Attorney Krowski and Attorney William Sims could not go to residence due to prior scheduling conflicts to assist Ms. Torrey.

15.) Attorney Paul Clancy presented documentation to source of large amount of money that was in Ms. Torrey's safe prior to it's breach by law enforcement.

16.) Ms. Torrey under Fourth Admendment had an expectation of privacy as she was safe in her home asleep with her family inside her home. Ms. Torrey kept her valuables in a locked safe in her bedroom with a lock on her door. It is reasonable to believe that contents in her locked safe fall under

§ 131. Reasonable expectation of privacy, 25 Ohio Jur. 3d Criminal Law: Procedure § 131. Under Part One Rights of Accused III. Rights relating to Preliminary Investigation and Collection of Evidence. See Katz, Giannelli Lipton, and Crocker, Baldwin's Ohio Practice, Criminal Law §§ 4:2 + 4:6 (3d ed) (Privacy), and Katz, Ohio Arrest, Search and Seizure §§ 1:6 to 1:8, 1:10 to 1:26 (2019 ed.) Right to Privacy. It is reasonable to think a locked safe in a locked room Ms. Torrey had her currency and valuables would be protected under statue as it is more than reasonable for Plaintiff to assert protection under Fourth Amendment as (1) ownership is not contested and was ruled in case criminal no. 19-cr-10296-WGY to return honest money. (2) Possession and Control; Safe located in Ms. Torrey bedroom in which Ms. Torrey and domestic partner Jose Rodrigues are the only individuals that enter this room and have access. (3) Historical use of property was and is only used by Plaintiff domestic partner and adult Children. Neither Child has a key or code to safe. Neither Child enters Plaintiff's bedroom unless invited. (4) Lock on door gives Plaintiff ability to regulate access

(5) Subjective anticipation of privacy. A locked safe intends to be clear that contents are private and are only intended to be accessed by Owner. It is more than reasonable to think items in a locked hidden from the eye located in closet in corner behind shoes ect. was meant to be

private and only accessed by Plaintiff. (7) Totality of Circumstances. Plaintiff's son had court March 23, 2021 for Probation violation hearing at 8:30 a.m. He spoke to Probation Officer March 22, 2021 and confirmed he would attend hearing. On March 23, 2021 approximately 5:52 in A.M. early morning still dark outside law enforcement used an explosive devise and with no announcement did extensive property damage to door, casing and frame. Law enforcement was unable to enter due to family dog kept army of officers at bay from entering the premises. Law enforcement put a drone in my home. At time of breach law enforcement was in violation of clear laws to protect it citizens from over reach of the government. The fourth Amendment Innocent Owner, Ms. Torrey had a legitimate expectation of privacy. She the Plaintiff asserts under 4th Amendment she has actual and justifiable expectation of privacy from ear and eye of the government in her own home. (1). Criminal Law § 42 + 44.6 (3d ed.) (Privacy) Katz, Ohio Arrest, Search and Seizure § 1.6 to 1.8, 1.10 + 1.26 (2019 ed.)

17.) Ms. Torrey was not arrested or charged with any crime or wrong doing on March 23, 2021. Ms. Torrey was denied access to her home on multiple occassions on date above.

18.) Ms. Torrey was denied and not allowed to be present in her home while law enforcement with warrant less warrant were now searching her home after 1:00 in the after noon of March 23, 2024. I have the right to be present to observe any search and seizure.

(Page 17)

19.) Ms. Torrey requested that if she could not be present in her home while being searched with warrant less warrant could Attorney Paul Clancy be allowed to observe search. My and Attorney Clancy's reasonable request was denied. To be present as the homeowner while property is being searched is my right. For Transparency this right was denied by law enforcement. As their actions and customs and practices were evident when I saw law enforcement pocket Ms. Bingles currency laugh in her face and state they were going out using her money to "have a Good Time" with her money which they took in early morning hours as well as several cell phones, including my son's she had in her possesion in her pocketbook.

20.) All claims in above 19 were told to Assistant District Attorney Kaitlyn R. O'Donnell. I called immediatly after incident within 2 weeks of March 23, 2021 illegal search and seizure. I told first Ms. O'Donnell's assistant the money seized was honest money and I needed back immediatly as I had to pay my taxes which at that time was less than 4,000.00 owed to I.R.S.. I also told Kaitlyn O'Donnell that my money was also stolen as well as valuable jewelry and other valuables by law enforce-ment officers. She told me she would investigate my claim and would be calling FBI Agents. After multiple calls to her office and no returned call from Ms. O'Donnell

(page 18)

I called Brockton Police and asked to speak to Police Chief to report theft and request an investigation of larceny under State Law.

21.) Police Chief told me they would get more information and call me back. I told Chief of Police that they are the host to Federal Government having the ability to enter my property and requested the name of Brockton Police on scene. I told Brockton Police Chief I wanted to press charges for theft and larceny as between 80,000.00 to 100,000.00 currency stolen as well as jewelry and valuable stamps.

22.) Police Chief called back and stated "Your money was not stolen it was seized." I asked prior whom had custody of my property. When Police Chief called back after my lengthy description of entire events on March 23, 2021 that I would need to speak to Kaitlyn O'Donnell and she gave me her number. I already had her number given to me through Attorney Clancy and Attorney Joe Krowski.

I continued to press issue on investigation to where my property was that was not on inventory sheet. I was told that they spoke to Prosecutor's Office and they have all my property, which is false. Ms. O'Donnell either lied or mislead Brockton Police or

Brockton Police Chief lied and mis lead the Plaintiff as I called to press charges and requested a Police Investigation into the theft of my property. Ms. O'Donnell was already per our conversation was supposed to be investigating the whereabouts of alleged property that the Plaintiff charges and asserts were taken from her property on March 23, 2021 by law enforcement.

23.) Ms. O'Donnell is not exempt or above the law, Her actions and or inactions had a direct real negative impact to Plaintiff Ms. Torrey which cascadingly caused much harm, prejudice, emotional distress, loss of income, loss of ability to bring viable claim against other defendants due to statue of limitations, Paying Extreme Excessive Fines in Penalties to I.R.S, and her actions also caused Brockton Police not to investigate larceny charge which I reported and requested an independent investigation which was denied as Ms. O'Donnell and or someone in her office but I beleive Police Cheif Stated she spoke to Ms. O'Donnell and she has all the currency and property seized with intention of forefeiture

(page 20)

24.) Ms. O'Donnell crippled my request for an independant investigation by City Police in City where crime occured. Ms. O'Donnell led Plaintiff to believe she was investigating her legitimate claim of theft. After months of no update or returned call from Ms. O'Donnell regarding my multiple requests for a forfeiture hearing as well as any update on her said investigation of Plaintiff's claim of larceny when she stated to Plaintiff she would call FBI and Investigate money Plaintiff alleges was not on Inventory List as well as other valuables alleged to be Stolen from Plaintiff by law enforcement.

25.) Prosecutors do not have absolute immunity and when they act as a Police Officer or an investigator the immunity shield is not applicable.

26.) The Plaintiff was unable to seek medical treatment as Plaintiff does not have insurance and needed her honest earned money in her safe to access much needed procedures. Ms. Torrey told Ms. O'Donnell and her assistants that She required immediate surgeries. Ms. Torrey begged on multiple occassion for her hard earned money to be returned and showed on numerous occassions origin of honest currency which was being deliberately withheld as there is no way on earth her son on an ankle bracelet could earn 150 to 170K

(Page 21)

thousand dollars in the matter of the 4 months that he was on home confinement with an faulty ankle bracelet in which Plaintiff charges was deliberate.

27.) Federal Prosecutors have an obligation to disclose in a timely manner, any exculpatory information. Congress Passed in 2020. The Due Process protections Act. Evidence was withheld from Defendant Christian Soares in criminal case and this evidence was also withheld from her son's legal Power of Attorney which is the Plaintiff Ms. O'Donnell's collusion with son's defense Attorney resulted in conviction. The conduct eggrigious is an under statement. Defense Attorney Joseph Knowski besides Motions for Compassionate release never filed 1 Motion on son's behalf. I have multiple emails and texts from Attorney Knowski that he does not represent my son in 2023 charges resulting from March 23, 2024 illegal search and seizure with warrant less warrant. see Brady v. Maryland

28) Ms. Torrey Plaintiff to this day is still being financially hurt by District Attorney Kaitlyn O'Donnell and other Defendants Actions on March 23, 2021 and actions after and are still continued to this very day as I.R.S. is charging extrodinate interest and penalties for back taxes. That Plaintiff Couldn't Pay do the larceny and illegal seizure and prolonged

(page 22)

derial of Due Process in Prosecutor O'Donnell's
deriliction of duty to provide a prompt Forfeiture
proceeding to innocent owner.

29.) Plaintiff, Ms. Torrey recently had her bank
account levied by Mass DOR for unpaid taxes.
On November 14, 2024 4, 962.91 was taken
from Harbor One Account which was a direct
result of Civil Rights claim that based on
race determined whom gets a timely
forfeiture hearing.

30.) Plaintiff Ms. Torrey in 2023 was unable
to renew her real estate liscense due to
over due taxes. This was a direct result
of Prosecutor Kaitlyn O'donnell continued
refusal to give Plaintiff her constititional
right to invoke innocent owner defense and
receive her currency being withheld to y
Prosecutor's Office / Department.

31.) Ms. Torrey from December 3, 2023 to
October 28, 2024 was unable to practice
real estate and receive commissions in which
She had prior to the above dates was a
Successful Real Estate Agent making an
annual income of 161,000 to 175,000.⁰⁰
dollars yearly between 2020 to 2023.

32.) Ms. Torrey the Plaintiff had in a seperate
envelope valuable $100.⁰⁰ bills (13) Series 2013
worth approximately $1,300.⁰⁰ a piece as well
as rare 2017 A Rare Series that were worth
$1,100.⁰⁰ a piece. Ms. Torrey did not recieve the

(page 23)

the same currency in which was taken from her safe. When Currency was finally returned it was returned through bank wire. I assume money was deposited in an escrow account issued to Federal Government. The money was returned with no Interest. This is a violation of State Law 93 A and B and is subject to triple damages.

33.) Ms. Torrey's medical conditions worsened and will ultimately cause more physical damage to Plaintiff's over all health. Ms Torrey is still waiting for Docter's office to reschedule much needed oral surgery that was scheduled previously after ruling to return money which took approximately 2 weeks to transfer money to Ms. Torrey's account which she had to beg every day multiple calls, emails, and constant begging to receive back her hard earned money she desperately needed for a medical procedure that eventually had to be cancelled due to inability of Prosecutor's Office to comply in a timely manner to a Judges ruling.

34.) Prosecutor Immunity is a Judge made doctrine that cloaks Kaitlyn O'Donnell in absolute immunity from suit for exercising core prosecutorial functions. There However is one carve out when a prosecutor acts as a police officer or an investigator these actions were not related to advocating for the Prosecution this action was conducted by the

the Prosecutor to hamper any independant investigation the Plaintiff tried to ensue to get an answer to where the valuables that were placed in her safe went too on March 23, 2021

## Count I

### ( Violation of 42 U.S.C. § 1983 )

( Against Federal Assistant Prosecutor Kaitlyn R O'Donnell and Office of Federal Prosecutors Office )

35.) The Plaintiff realleges paragraph 1 through 34, above, and incorporate them herein by reference.

36.) Ms. O'Donnell knowingly refused to give back Plaintiff's currency even though Plaintiff provided proof beyond a reasonable doubt that funds being held was honest money. Plaintiff suffered loss of real estate liscense for almost an entire year. Average Income $169,500.^{02} that the Plaintiff suffered as direct damages please refer to Exhibit 8

37.) Plaintiff had taxes that built up from non payment due to Defendants actions and or inactions which resulted in $8,648.^{00} penalties and interest owed to IRS for the 4 years that Defendant refused to let Plaintiff challenge the seizure.

35.) Plaintiff had state taxes from 2021 to 2024 that accrued and ultimately made the Commonwealth not renew her real estate liscense. Ms. Torrey has held a liscense in this state for almost 30 years. She never was unable to renew her ~~lisce~~ liscense due to over due taxes until Dec 3, 2023. Ms. Torrey incored state penalties and interest due to Prosecutors actions and or inactions as Plaintiff begged for a hearing and explained the negative financial effect it was having on her day to day life. $8,298.⁰⁰ was paid by Ms. Torrey for penalties and interest to date that was charged from the perriod of March 21, 2021 to present. My money was with held and the Excessive Fines should not be the innocent Owners responsibility. I request that Ms. O'Donnell and or Prosecutor's Office pay the interest and penalties as this was a direct result of their actions and refusal to conduct a simple hearing.

35.) Not being able to access much needed healthcare. No money for Dental Implants that were supposed to be done in June of 2021. I have no health insurance and

( Page 26 )

the procedure is very expensive, I now have to have all my teeth pulled and may end up with dentures. I hate the idea of dentures. My smile has a lot to do with my profession and this has caused me Great anguish, depression as I can't believe I have to pull all my teeth due to 3 years of neglect. I could not afford to get my procedure done as the Prosecutor's Office knew I needed multiple procedures but ignored my pain I live in now every day. $48,000.⁰⁰ of damages done from neglect.

39.) The Plaintiff had rare money in her safe that was deposited see November 26 Exhibit 8. Rare 2013 Series 13 x 1300 = 15,600  Star Note 6 Rare 2017 $100.⁰⁰ Bills 6,600 = $22,200.⁰⁰ is owed to Plaintiff

Relief Sought
Wherefore the Plaintiffs Claim judgement against the defendants each of them jointly responsible for 1-39
   A.) Compensatory damages in amount warranted by evidence at trial
   B.) Punitive Damages in the amount warranted by trial
   C.) Reasonable Attorney fees and any costs that are forwarded by the Plaintiff
   D.) The amount of the damages in 36-39 exact amount

Respectfully Submitted Michelle McCloney