United States District Court
District of Massachusetts

Michelle M. Torrey,
    Plaintiff

v.

FBI, United States of America, et al defendants,
    Defendants

January 7, 2025

Civil Case: 24-10864-WGY

FILED IN CLERKS OFFICE 2025 JAN -7 PM 4:29 U.S. DISTRICT COURT DISTRICT OF MASS.

## Motion to leave and File

On December 18, 2024 Plaintiff, Ms. Torrey filed a Motion to Amend Complaint to include Federal Prosecutor Kaitlyn O'Donnell to Civil Case 10864-WGY. Ms. Torrey filed many motions in previous forfeiture case regarding the harm and damages that were caused due to Prosecutors actions and or inactions and supported her claim with case law, Ms. Torrey not being a lawyer did not put the case law in December 18, 2024 Motion to Amend Complaint as she felt would be redondant. I am inclined now to amend

(page 1)

the December 18, 2024 filing as the previous case is closed; and I do not want to take for granted that the Judge will consider those filings as a continuation of fact and law for the civil case.

I also just realized that the Exhibits were not filed on December 18, 2024 as supporting documents to prove damages and loss that Plaintiff soffered from the direct actions and or inactions of the requested Defendant; Kaitlyn O'Donnell. I am filing this day January 7, 2025 the Exhibits and below will be the case law that the Plaintiff requests the Judge to take into consideration when he considers the Plaintiff's request.

There are many issues at hand regarding the Federal Prosecutors actions that caused Ms. Torrey harm. Brady v Maryland - Federal Prosecutors have an obligation to disclose, in a timely manner, any ex-culpatory information. Congress passed in 2020; The Due Process Protections Act. Evidence Evidence was withheld from my son at my son's criminal procedure by Federal Prosecutor and Defense Attorney. The Defendant as well as the Defendants Power of Attorney; being the Plaintiff was told multiple times that their is a protective order and only limited evidence was shown to Plaintiffs son. I have numerous emails and texts to prove that I requested in writing as well as Defendants son and still have not seen any if all evidence in Criminal Case. The excuse for

(page 2)

not showing all evidence to the Defendant was there was a protective order and that this information could not be shared. My son was convicted / forced to take a plea deal which he did not agree too and stated he was under extreme duress and agreed to the plea deal just to get back to Massachusetts to stop the abuse from correctional guards. As he was beat while hand cuffed for hours and this went on for over a week held in a room with no bathroom. Bye her son being sentenced to prison the Plaintiff must inherit his fatherly duties to his children. One of which resulted from being incarcerated and being forced to have intercourse with another female inmate to cover up the string of female pregnancies and relationships with officers.

 Second harm caused to Plaintiff is when a Prosecutor carelessly or purposefully fails in his or her duties it will usually result in a conviction or could even in some states be a loss of life. In this case it was an innocent Owner and her property that was illegally seized some stolen. All based on a warrant that was issued

(page 3)

by a magistrate that was told or given deliberate false and misinformation from the Agencies that violated the Plaintiff's constitutional rights when entering the property without the proper warrant. Their was no probable cause as my son was taking into custody at side door. The drone only could go to the first and second level of my home where no drugs were allegedly located nor were in sight, the drone had been disabled and my son was in the basement with door closed. I was denied my property without a hearing that resulted from Law Enforcement forced entry and illegal search with a warrantless warrant. My property, currency, and valuables were seized most stolen. I made numerous requests for its return and brought and or sent on multiple occasions the proof and origin of property that was being withheld from Plaintiff. The second Circuit holds Due Process requires that Forfeiture Hearings are Required see Krimstock, 306 F 3d at 40; see also Lee v Thorton, 538 F. 2d 27, 31-32 (2d Cir 1976)

The Innocent Owner has rights applied by the State or Commonwealth of Massachusetts. I was not charged with a crime or arrested. My money was without a doubt not derived from crime or any illegal activity. Defendant Showed the Agencies and the Federal Prosecutor, as well as multiple Assistants the origin of her Currency. She told the Prosecutor's Office about the theft and was told by Kaitlyn O'Donnell that she would investigate call the

(page 4)

Agencies and find out what happened. I do not beleive this occured, meaning that Federal Prosecutor or its Assistants investigated or took my claim seriously. The items that were seized should have immediatly been returned however that was not the case. My property and currency was with held for over 3 years and 11 months approximately. Which caused complete financial disaster. The Second Circuit found on Krimstock "that there should be some mechanism to promptly test the validity of the seizure." Id. at 837. Seventh Circuit found a hearing is required under Matthews, especially given that the private interest was a vechile that was seized. Id. at 838 the court rejected arguments based on alleged administrative burdens the New York Court of Appeals is in accord. See Canavan 802 N.E. 2d at 623-24. This involved County Forfeiture Scheme, under which property owners had to wait 120 days. The Minnesota Supreme Court also held that Due Process is urgently requires a post seizure prompt hearing

Sincerely

Michelle M. Torrey
Michelle M. Torrey
Signed under pains and Penalties of perjury