Civil Case?
24-10864-WGY

# Exhibit 1

Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                           )
MICHELLE TORREY,           )
         Plaintiff,        )
                           )    Civil Action No.
v.                         )    24-10864-WGY
                           )
FBI UNITED STATES OF       )
AMERICA, et al.,           )
         Defendants.       )
                           )
_____
```

ORDER

YOUNG, D.J.                                    September 30, 2024

In a Memorandum and Order dated June 17, 2024, the Court informed Michelle Torrey that the complaint does not contain sufficient allegations to state a claim against any of the defendants and is subject to dismissal. At that time, the Court informed Torrey that she could not represent her son and that he may be a plaintiff if he signed all papers submitted under his name. The Court allowed Torrey's motion for leave to proceed <u>in forma pauperis</u>, denied her motion for counsel and advised her that this action will be dismissed unless she files an amended complaint that sets forth a plausible claim upon which relief may be granted. Doc. No. 6. The Court informed Torrey that failure to comply with the directives contained in the Memorandum and Order within 28 days will result in dismissal. <u>Id.</u>

Now before the Court are Torrey's renewed motion for appointment of counsel and amended complaint. Doc. Nos. 8, 9. Torrey subsequently filed a pleading titled "amended complaint for a civil case/and answer to preliminary order of forfeiture criminal no. 19-cr-10296-WGY." Doc. No. 10.

Here, the operative pleading is Torrey's amended complaint, Doc. No. 9, because the second amended complaint, Doc. No. 10, was not filed with a motion for leave to file. To the extent Torrey seeks to file a second amended complaint, she must file a motion for leave to file accompanied by the proposed second amended complaint.

The amended complaint names as defendants several John and Jane Does as well as the United States of America, the City of Brockton, the Commonwealth of Massachusetts, State Trooper Brian Richard Kilfoyle and Assistant United States Attorney ("AUSA") Nicholas Soivilien. Although AUSA Soivilien is named in the case caption of the amended complaint, he is not referenced in the body of the amended complaint and will be dismissed as a defendant for the reasons stated in the June 17, 2024 Memorandum and Order and because prosecutors are absolutely immune from suit for exercising core prosecutorial functions. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Penate v. Kaczmarek, 928

2

F.3d 128, 135 (1st Cir. 2019).

Accordingly, it is hereby Ordered:

1. The Clerk shall issue summonses for Brian Richard Kilfoyle, the United States of America, the City of Brockton, and the Commonwealth of Massachusetts. Plaintiff is responsible for ensuring that the summonses, amended complaint (Doc. No. 9), and this order are served on these defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

2. At this time, summonses will not issue as to the defendants identified as John and Jane Does. If, through discovery, the plaintiff discovers the true name of these defendants, she "should act promptly to amend the complaint to substitute the correct parties and to dismiss any baseless claims." Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 8 n.5 (1st Cir. 2007). She may then also file a motion for issuance of summonses for these defendants. If a summons issues, the United States Marshal shall complete service as directed by plaintiff with all costs of service to be advanced by the United States.

3. The claim against defendant AUSA Nicholas Soivilien is DISMISSED and he shall be terminated as a party to this action.

4. Because the plaintiff is proceeding in forma pauperis,

3

she may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. If the plaintiff chooses to have service completed by the USMS, she shall provide the agency with a copy of this order, all papers for service, and a completed USM-285 form for each party to be served. The USMS shall complete service as directed by the plaintiff with all costs of service to be advanced by the United States. The Clerk shall provide the plaintiff with a blank USM-285 form and instructions for service.

5. The plaintiff shall have 90 days from the date of the issuance of the summons to complete service. Failure to complete service within 90 days may result in dismissal of the action without further notice from the Court. See Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

**SO ORDERED.**

Dated: September 30, 2024

*William G. Young*
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

4

 

**UNITED STATES DISTRICT COURT**
DISTRICT OF MASSACHUSETTS
OFFICE OF THE CLERK
1 COURTHOUSE WAY
BOSTON, MASSACHUSETTS 02210

ROBERT M. FARRELL
CLERK OF COURT

TELEPHONE
617.748.9152

DATE: 9/30/2024

IN RE:   Torrey v United States of America, et al,

CIVIL ACTION NO: 24-10864-WGY

## NOTICE TO PLAINTIFF

Upon receipt of the enclosed forms, you are required to complete the necessary forms and furnish the United States Marshal with the following:

- ( x )   one copy of the operative complaint (original or amended) for service on each named defendant;

- ( x )   one copy of any motion, pleading, order or other document of which the Court has ordered service, for each named defendant;

- ( x )   one original summons for each named defendant;

- ( x )   one copy of each original summons for service on each named defendant;

- ( x )   one copy of USM-285 (Process Receipt and Return) for service on each named defendant; and

- ( x )   one copy of the order(s) approving the application for leave to proceed in forma pauperis and service by the United States Marshals Service (for the records of the United States Marshals Service).

Upon completion of each package of the above forms, please forward them to the

Office of the United States Marshal
United States Courthouse
Civil Section - Room 1500
1 Courthouse Way
Boston, Massachusetts  02210




**UNITED STATES DISTRICT COURT**
DISTRICT OF MASSACHUSETTS
OFFICE OF THE CLERK
1 COURTHOUSE WAY
BOSTON, MASSACHUSETTS 02210

ROBERT M. FARRELL
CLERK OF COURT

TELEPHONE
617.748.9152

## LOCAL RULE 4.1

### SERVICE OF PROCESS - DISMISSAL FOR FAILURE TO MAKE SERVICE

(a) **Time Limit.** Any summons not returned with proof that it was served within 90 days of the filing of the complaint is deemed to be unserved for the purpose of Fed. R. Civ. P. 4(m).

(b) **Showing of Good Cause for Failure to Comply.** Counsel and parties appearing pro se who seek to show good cause for the failure to make service within the ninety (90) day period prescribed by Fed. R. Civ. P. 4(m) shall do so by filing a motion for enlargement of time under Fed. R. Civ. P. 6(b), together with a supporting affidavit. If on the 14th day following the expiration of the ninety (90) day period good cause has not been shown as provided herein, the clerk shall forthwith automatically enter an order of dismissal for failure to effect service of process, without awaiting any further order of the court. The clerk shall furnish a copy of this local rule to counsel or pro se plaintiffs, together with the summons. Such notice shall constitute the notice required by Fed. R. Civ. P. 4(m). No further notice need be given by the court.

(c) **Service According to State Practice.** In those cases where the Federal Rules of Civil Procedure authorize service of process to be made in accordance with state practice, it shall be the duty of counsel for the party seeking such service to furnish to the Clerk of Court forms of all necessary orders and sufficient copies of all papers to comply with the requirements of the state practice, together with specific instructions for the making of such service, if such service is to be made by the United States Marshal.

*Effective September 1, 1990; amended effective January 2, 1995; December 1, 2009; May 6, 2016.*

 

**UNITED STATES DISTRICT COURT**
DISTRICT OF MASSACHUSETTS
OFFICE OF THE CLERK
1 COURTHOUSE WAY
BOSTON, MASSACHUSETTS 02210

ROBERT M. FARRELL
CLERK OF COURT

TELEPHONE
617.748.9152

FED. R. CIV. P. 4(i)

## INSTRUCTIONS FOR EFFECTING SERVICE ON THE UNITED STATES, ITS AGENCIES, CORPORATIONS, OFFICERS, OR EMPLOYEES

Rule 4(i) of the Federal Rules of Civil Procedure prescribes how the United States, its agencies, corporations, officers, or employees must be served with the summons and complaint. Please review the rule carefully: depending on the party being sued, you may be required to also mail a copy of the summons and complaint to the officer, employee, agency, or corporation, or the Attorney General.

**Serving the United States, Its Agencies, Corporations, Officers, or Employees.**

(1) *United States*. To serve the United States, a party must:

  (A)  (i)  deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

       (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

  (B)  send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

  (C)  if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity*. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

(3) ***Officer or Employee Sued Individually.*** To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

(4) ***Extending Time.*** The court must allow a party a reasonable time to cure its failure to:

    (A)    serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or

    (B)    serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

---

## ADDRESSES:

Attorney General of the United States:

    Attorney General of the United States
    Department of Justice
    950 Pennsylvania Ave., NW
    Washington, D.C. 20530

United States Attorney's Office for the District of Massachusetts:

    United States Attorney
    United States Courthouse
    1 Courthouse Way, Ste. 9200
    Boston, MA 02210