UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE M. TORREY,<br>　　　Plaintiff,<br><br>v.<br><br>CITY OF BROCKTON, OFFICER JOHN DOE,<br>Individually and Acting for Brockton Police Dept.,<br>UNITED STATES OF AMERICA, SEVERAL<br>JOHN DOE'S and JANE DOE'S, Individually<br>and in Their Official Capacities as an FBI AGENT,<br>COMMONWEALTH OF MASSACHUSETTS,<br>STATE TROOPER BRIAN RICHARD KILFOYLE,<br>Individually and in His Official Capacity,<br>SEVERAL JOHN DOE'S and JANE DOE'S,<br>Individually and in Their Official Capacities<br>Acting for MASSACHUSETTS STATE POLICE,<br>DISTRICT ATTORNEY'S OFFICE FOR DISTRICT<br>OF MASSACHUSETTS, NICHOLAS SOIVILIEN,<br>Individually and in his Official Capacity as a<br>FEDERAL PROSECUTOR,<br>　　　Defendants. | Civil Action No.: 1:24-cv-10864-WGY |

## DEFENDANTS, CITY OF BROCKTON AND OFFICER JOHN DOE'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

### I. INTRODUCTION

Defendants, City of Brockton and Officer John Doe, move, pursuant to Fed. R. Civ. P. 12(b)(6), for dismissal of Plaintiff's Amended Complaint. Plaintiff, appearing *pro se*, brings claims against the City of Brockton (the "City") and Officer John Doe (collectively "Defendants") for claims that are not clear in the Amended Complaint. Count 2[1] of the

---

[1] There are two sections of the Amended Complaint titled Count 2. The first "Count 2" references "18 U.S.C.A 1983," discrimination based on "skin color," and forfeiture. The other "Count II" references equal access to justice.

1

Amended Complaint references 18 U.S.C.A 1983. If the Court interprets this to refer to 42 U.S.C. §1983, then as grounds for their Motion to Dismiss, Defendants state: Plaintiff has not satisfied Rule 8 of the Federal Rules of Civil Procedure; the original Complaint was filed after the statute of limitations had run; and the City is not liable for Plaintiff's claims under §1983, as she has failed to state a *Monell* claim against the City.

## II. RELEVENT FACTS

The facts alleged in the Amended Complaint are taken as true for purposes of this motion. *García-Catalán v. United States*, 734 F.3d 100, 103 (1st Cir. 2013). On March 23, 2021, the Brockton Police Department; the Federal Bureau of Investigation; and the Bureau of Alcohol, Tobacco, Firearms and Explosives, searched Plaintiff's house located at 294 Prospect Street in Brockton, Massachusetts. At the time of the search, Plaintiff was at home with her boyfriend, her son, and her daughter. Although the Amended Complaint is far from clear, it appears that Plaintiff is claiming that the search was illegal and that her personal property, including cash, was taken illegally.

Plaintiff's Amended Complaint includes factual allegations regarding her son being arrested on July 16, 2019 by the Massachusetts State Police and the New Bedford Police. Plaintiff does not allege any involvement by the City or Officer John Doe in her son's arrest, nor does she make any allegations regarding what the City or Officer John Doe specifically did during the search of her house on March 23, 2021. In fact, the only factual allegations that specifically reference the City or Officer John Doe are as follows:

(a) "Ms. Torrey was denied the right to press charges when telling Brockton Police Chief the story…. She was very empathetic and called me back and gave me the number to federal prosecutor….";

(b) "Brockton police officer, John Doe was derelict in his duty. If he was not the thief, which I strongly believe was not. He should have been present....";

(c) "Brockton police officers are notorious for stealing from known drug raids and illegal actors. This is a known practice.";

(d) "It is a known fact that many detectives from this department steal. I personally saw a video of veteran detective breaking into a property, $100,000 stolen currency. If John Doe was in my home, he may have stolen $100,000, as this their practice when opportunity arises.";

(e) The Brockton Police Chief was "very dismissive" when she told Plaintiff to file a civil claim; and

(f) "State and local Police shine high beams into [her] home night after night."

In another section of the Amended Complaint, Plaintiff states that "law enforcement stole $85,000.00" and has "caused physical damage to property, Total loss of Consortium, and caused financial ruin and inability to earn a living"; however, there are no specific allegations as to what the City or Officer John Doe did to cause such alleged damages.

### III. STANDARD OF REVIEW

A court in reviewing a Rule 12(b)(6) motion is to determine whether the factual allegations in Plaintiff's Amended Complaint set forth "a plausible claim upon which relief may be granted." *Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 353 (1st Cir. 2013). To survive a motion to dismiss, the Amended Complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). Legal

3

conclusions or "naked assertion[s]" without "further factual enhancement" are not sufficient to survive a motion to dismiss. *Maldonado v. Fontanes*, 568 F.3d 263, 266 (1st Cir. 2009). Merely reciting the elements of a cause of action are also insufficient. *Id.* at 268.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if Plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008).

Although "[a] document filed *pro se* is to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "*pro se* status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

## IV. ARGUMENT

### A. Plaintiff's Amended Complaint Does Not Satisfy the Requirements of Rule 8 of the Federal Rules of Civil Procedure.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this Rule is to provide the defendant with notice of what the claim is and the basis for the claim. *Twombly*, 550 U.S. at 555. In evaluating a claim, dismissal is appropriate "if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008). A complaint must state which defendant committed each of the wrongful acts alleged. *See Canales v. Gatzunis*, 979 F.Supp.2d 164, 170 (D. Mass. 2013); *see also La Casse v. Aurora Loan Services, LLC*, 2016 WL 4535338 *8 (D. Mass. Aug. 30, 2016) citing *Bagheri v. Galligan*, 160 Fed.Appx. 4, 5 (1st Cir. 2005). Lumping the

defendants together in each claim without distinguishing each defendant's conduct fails to satisfy the minimum pleading requirements of Rule 8. *La Casse*, 2016 WL 4535338 *8, citing *Atuahene v. City of Hartford*, 10 Fed.Appx. 33, 34 (2nd Cir. 2001). Further, in a complaint involving civil rights violations, "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why…." *Fruzzetti v. Easton Police Officers*, 2024 WL 841416 *5 (D. Mass. Feb. 28, 2024) quoting *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004) (internal citations omitted).

In this case, Plaintiff's Amended Complaint fails to meet the basic requirements of F.R.C.P. Rule 8(a)(2). It is entirely unclear as to what Plaintiff is claiming the City and Officer John Doe did to violate her constitutional rights. In fact, it is not even clear what constitutional rights she is claiming were violated. While the Amended Complaint includes numerous conclusory statements regarding that "it is a known fact that many detectives from this department steal," and Plaintiff alleges that she saw video of a detective stealing, these claims lack factual support. There are no details about the alleged video, including who filmed it, when the incident occurred, or where it took place. This failure to provide specific facts leaves Defendants unable to understand the claims against them or prepare an adequate defense. The lack of clarity regarding the allegations against each Defendant is precisely what Rule 8 is designed to prevent.

The Amended Complaint fails to state a claim showing that the pleader is entitled to relief against each Defendant as required by Rule 8 of the Federal Rules of Civil Procedure; therefore, dismissal is appropriate.

### B. The Original Complaint was Filed after the Statute of Limitations had Expired.

The defense that the statute of limitations has run can be asserted in a motion to dismiss and be the basis for dismissing a complaint if it is clear from the complaint that the statute of limitations has run. *See Verrier v. Beth Israel Deaconess Hospital-Plymouth, Inc.*, 706 F.Supp.3d 142, 145 (D. Mass. 2023) citing *Maffeo v. White Pine Invs.*, 537 F.Supp.3d 45, 47 (D. Mass. 2021). Dismissal is appropriate when the dates in the complaint demonstrate that the statute of limitations has run and there are no allegations to support the tolling of the statute of limitations. *Id.* at 146 citing *Trans-Spec Truck Serv., Inc., v. Caterpillar, Inc.*, 524 F.3d 315, 320 (1st Cir. 2008). Claims brought under 42 U.S.C. §1983 have the same statute of limitations as a tort action for personal injuries in the state where the action is brought. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Massachusetts, the statute of limitations for a personal injury matter is three years. M.G.L. c. 260 §2A.

In the Amended Complaint, Plaintiff references two dates: July 16, 2019, when her son was arrested; and March 23, 2021, when law enforcement agencies searched her house. The Amended Complaint was filed on July 15, 2024, and the original Complaint was filed on April 3, 2024. Using the latest incident date, March 23, 2021, and the earliest filing date, April 3, 2024, Plaintiff failed to comply with the statute of limitations of three years. Here, the original Complaint needed to be filed by March 23, 2024.

Additionally, there are no factual allegations in the Amended Complaint to justify a tolling of the statute of limitations. There is no reference to Plaintiff not knowing the facts that she believes supports her claims or that any alleged violation has continued over time. The only allegation relating to any continuing "harassment" is the claim that the police "shine high beams" into her house. Such claim does not justify tolling the statute of limitations.

6

Because the dates within the Amended Complaint and the date that the original Complaint was filed are clear in the pleadings without any justification for tolling the statute of limitations, the Amended Complaint should be dismissed.

### C. The Plaintiff Has Failed to State a Claim Under §1983 Against the City of Brockton.

In one section titled "Count 2" of the Amended Complaint, Plaintiff attempts to assert constitutional claims. However, it is unclear what specific constitutional violation or violations are alleged or who is responsible for committing those violations. Further, even if the Court construes the Amended Complaint as asserting a claim against the City under 42 U.S.C. § 1983, the Amended Complaint should still be dismissed due to Plaintiff's failure to adequately allege municipal liability.

42 U.S.C. § 1983 creates a private right of action against a person who, under the color of state law, deprives another of "any rights, privileges, or immunities secured by the Constitution and [federal] laws." 42 U.S.C. § 1983; *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). §1983 does not create a substantive constitutional right; it merely provides a method of enforcing rights created by the Constitution or other laws of the United States. *Smith v. City of Holyoke*, 2020 WL 1514610, at *6 (D. Mass. Mar. 30, 2020) citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *see also Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). A public employer is a "person" within the meaning of §1983 and can be liable for constitutional violations under some circumstances. *Massachusetts ex rel. Powell v. Holmes*, 546 F.Supp.3d 58, 70 (D. Mass. 2021) citing *Monell*, 436 U.S. at 690. However, a municipality can only be held liable for alleged constitutional deprivations that arise from an official governmental policy or practice. *Welch v. Ciampa*, 542 F.3d 927, 941 (1st Cir. 2008); *Smith*, 2020 WL 1514610, at *11.

If a constitutional deprivation is established, a plaintiff must show the following: "(1) the municipality had a custom, policy, or practice of failing to investigate, discipline, supervise, or train its officers; (2) this custom, policy, or practice was such that it demonstrated a 'deliberate indifference' to the rights of those citizens with whom its officers came into contact; and (3) the custom, policy, or practice was the direct cause of the alleged constitutional violation." *Smith,* 2020 WL 1514610 at 11 citing *DiRico v. City of Quincy,* 404 F.3d 464, 468-69 (1st Cir. 2005). This requires that "both the existence of a policy or custom and a causal link between that policy and the constitutional harm" must be proven to impute liability to a municipality. *Santiago,* 891 F.2d at 381; *see also City of Canton Ohio v. Harris,* 489 U.S. 378, 389 (1989) (municipality must consciously choose a policy that causes constitutional injury); *Polk County v. Dodson,* 454 U.S. 312, 326 (1981) (municipal policy must be the "moving force behind the constitutional violation" in order for liability to attach). The municipal policy may either be (1) an official policy articulated or adopted by a decision- maker; or (2) an unofficial custom as evidenced by widespread action or inaction. *See Fletcher v. Town of Clinton,* 196 F.3d 41, 55 (1st Cir. 1999).

In the instant case, Plaintiff does not sufficiently allege any constitutional violation or a policy, custom or practice adopted by the City that would allow for liability under §1983 to attach. Although Plaintiff makes general conclusory statements that it is a known practice that detectives steal during raids, such allegations fall short of outlining the necessary elements of a claim under *Monell*. Even the mere recitation of the elements of a claim is insufficient to survive a motion to dismiss. *See McElroy v. City of Lowell,* 741 F. Supp. 2d 349, 354-55 (D. Mass. 2008) (holding that plaintiff's general and conclusory statements that the City has a custom of "deliberate indifference to the rights of citizens" because it has an inadequate training and

supervision and because it fails to discipline officers involved in instances of constitutional violations is insufficient to survive motion to dismiss). Here, Plaintiff makes no specific allegations regarding a policy or custom involving any constitutional violation and does not even recite the elements of a *Monell* claim.

Additionally, "Deliberate indifference" generally requires proof of a pattern of violations. *Connick v. Thompson*, 563 U.S. 51, 63 (2011). To establish "deliberate indifference", the law requires a showing of a pattern of behavior unless the complained of constitutional violation was committed or ordered by a policymaker. *See Welch*, 542 F.3d at 942 citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). To prove causation, Plaintiff must show that the City's conduct amounted to a "deliberate indifference" to the constitutional rights of those persons that police would encounter. *City of Canton Ohio,* 489 U.S. at 389; *Bordanaro v. McLeod*, 871 F.2d 1151, 1158-1159 (1st Cir. 1989) ("municipal liability requires evidence of gross negligence amounting to deliberate indifference to the constitutional rights of those with whom the police would come into contact").

There are no allegations in the Amended Complaint that Officer John Doe was a policymaker or was ordered by a policymaker to commit any of the conduct alleged in the Amended Complaint. Further, since the allegation regarding the City's policy, custom, or practice does not specify the underlying constitutional violation, there is clearly no causal connection between any of the allegations against Officer John Doe and the City's policies, customs, or practices. Without the necessary "further factual enhancements" to support the general statements regarding the required "policy, custom, or practice" or "deliberate indifference" elements of the §1983 claim, Plaintiff has failed to plead a proper *Monell* claim.

*See Maldonado*, 568 F.3d at 266. As a result, the claims presumably alleged under §1983 against the City must be dismissed.

To the extent Plaintiff attempts to plead that the City is liable for Officer John Doe's alleged constitutional violations, this argument would also fail. It is well established that public employers cannot be held liable under a theory of *respondeat superior* for an officer's constitutional violations. *Monell*, 436 U.S. at 690-1, 694. Rather, Plaintiff would need to plead that the City was a moving force behind Plaintiff's injuries. *Bryan County v. Brown*, 520 U.S. 397, 404-405 (1997). "The city is not vicariously liable under §1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city itself is the wrongdoer." *Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992). The Plaintiff has not plead any facts that would lead to any wrongdoing being directly attributed to the City.

The Plaintiff has failed to state a claim for which relief can be granted against the City; and for these reasons, claims against the City must be dismissed.

## V.   CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court allow the Motion to Dismiss and dismiss with prejudice Plaintiff's Amended Complaint.

Dated: January 23, 2025

Respectfully submitted,
DEFENDANTS,
By Their attorney,

Stacey Klein Verde, Esq., BBO# 662917
Assistant City Solicitor
City of Brockton
City Hall - 45 School Street
Brockton, MA 02301
Tel. No. (508) 580-7110
sverde@cobma.us

## CERTIFICATE OF SERVICE

I, Stacey Klein Verde, attorney for Defendants, the City of Brockton and Officer John Doe, certify that on 23rd day of January, 2025, I caused the foregoing document to be served to Plaintiffs through the Court's CM/ECF electronic filing system, and by first class mail, postage prepaid, and email to the following party:

Michelle Torrey, Pro Se
294 Prospect Street
Brockton, MA 02301
m.torreyre@comcast.net

_____
Stacey Klein Verde, Esq.